## FLASH and Others *v*. CONN.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF FLORIDA.

Argued November 13th, 1883.—Decided November 20th, 1883.

*Conflict of Law—Contract—Corporation.*

1. The liability created by a provision in a general act of the State of New York for the formation of corporations, that all the stockholders of every company incorporated under it shall be severally individually liable to creditors of the company until the whole amount of the capital stock shall be paid in and certified, is in contract, and not a penalty; and can be enforced by an action sounding in contract against a stockholder found in another State.

2. The courts of New York having held that a liability of a stockholder to creditors arising under one of its general statutes for forming corporations was in contract, when the attempt was made to enforce it in New York, this court follows that interpretation in a suit to enforce such a liability in another State.

3. The liability of a stockholder to a creditor under the 10th section of the general act of the State of New York for forming corporations for manufacturing purposes is a liability in contract, which may be enforced by an action at law. It is not necessary to resort to equity.

The plaintiffs in error, who were the plaintiffs below, brought this suit in the Circuit Court of Escambia County, in the State of Florida, on January 27th, 1876. It was afterwards, on the petition of defendant, removed to the Circuit Court of the United States for the Northern District of Florida.

The declaration alleged that the defendant, on or before

April 1st, 1874, was a stockholder in the Pensacola Lumber Company, a corporation organized in the State of New York, under the provisions of an act of the legislature of that State, passed February 17th, 1848, entitled "An Act to authorize the formation of a corporation for manufacturing, mining, &c., purposes," and various amendments thereof; that the defendant was the holder of seventy-five thousand dollars of the stock of said company, the entire stock being three hundred thousand dollars; that the company carried on business and had an office and an agent in said county of Escambia, State of Florida; that the company, while the defendant was the holder of the stock aforesaid, became largely indebted to the plaintiffs, which indebtedness was evinced by two promissory notes, one for $5,000, dated September 11th, 1864, and one for $5,946.20, of like date, and an account stated for $2,646.47; that the plaintiffs, on February 16th, 1875, instituted their suit in the Circuit Court of said Escambia County against the said company to recover the amount due on said notes and account, and on March 15th, 1875, judgment was rendered by said court in favor of plaintiffs, for the sum of $14,120.50 and costs; that the company having been adjudged bankrupt by the United States District Court for the Southern District of New York in the year 1875, its property could not be taken in execution to satisfy said judgment, nevertheless an execution was issued thereon and returned wholly unsatisfied; that the property of the company had been sold by order of the bankrupt court, and its proceeds would not more than pay the costs of the bankrupt proceedings, leaving nothing to be applied to the payment of said judgment or claims of other creditors against the company; that by the provisions of the act under which the company was organized, all the stockholders were severally individually liable to the creditors of the company to an amount equal to the amount of stock held by them respectively for all debts and contracts made by such company, until the whole amount of capital stock fixed and limited by such company should have been paid in, and a certificate thereof made, signed, and sworn to by the president of said company and a majority of its trustees, and recorded in the office of the clerk of the county

where the business of the company was carried on. It is averred that the company failed to comply with the said provisions of the act, and did not, by its president and a majority of its trustees, make, sign, swear to, and record said certificate, either in the county of New York, the county in which the operations of said company were by its articles to be carried on, or in the said county of Escambia, in which the company carried on business, or in anywise as required by the act, so as to exempt the defendant from his individual liability. Wherefore, the declaration alleged, the defendant became liable to the plaintiffs for the said debt and contract made by the company, and the plaintiffs claimed $28,000.

The defendant filed six pleas, to some of which the plaintiffs demurred and to others filed replications. The defendant filed a rejoinder to one of the replications, to which the plaintiffs demurred.

The cause was heard upon the several demurrers, and the court rendered the following judgment:

"This cause came on to be heard upon the plaintiffs' demurrers to defendant's first, second, fifth, and sixth pleas, and to defendant's rejoinder to plaintiffs' replication to defendant's third plea, and the court having determined that the plaintiffs' declaration is insufficient in law, it is, therefore, considered by the court that plaintiffs take nothing by their said suit."

From this judgment the writ of error is prosecuted.

*Mr. E. A. Perry* for the plaintiffs in error.

*Mr. Michael L. Woods* for the defendant in error. I. The judgment of the Supreme Court of Florida upon the writ of error presented no obstacle to the removal of the case under the act of 3d March, 1875. *Hewitt* v. *Phillips*, 105 U. S. 393. Being properly removed, the parties are subject to that administration of law which is approved in the judicial tribunals of the United States whose jurisdiction is invoked. *King* v. *Worthington*, 104 U. S. 44. The Circuit Court of the United States was not bound to follow and repeat the judgment of the

State court upon the demurrer to the declaration when the sufficiency of the latter was again questioned upon demurrers to the subsequent pleadings. II. Furthermore, the general principle of law is well settled, that when a statute confers a right and imposes a liability, *without providing a distinct remedy for their enforcement*, the common law supplies an adequate remedy by giving to a party an appropriate action, by which his rights may be enforced. But it is equally well settled, that when a statute confers a right and prescribes a remedy, *that remedy and that only*, can be pursued. *Knowlton* v. *Ackley*, 8 Cushing, 97; *Pollard* v. *Bailey*, 20 Wall., 527. III. The liability set forth in the declaration, being in the nature of a penalty imposed by a statute of New York, cannot be enforced in Florida. *Halsey* v. *McLean*, 12 Allen, 438; *Bird* v. *Hayden*, 1 Robertson, 383; *Derrickson* v. *Smith*, 3 Dutcher (N. J.), 166; *First National Bank* v. *Price*, 33 Md. 487; *The State* v. *John*, 5 Ohio, 217; *Cable* v. *McCune*, 26 Mo. 371; *Lawler* v. *Burt*, 7 Ohio St. 340. IV. The declaration is bad, because it does not show that the liability it sets up had been fixed and made actionable by legal proceedings against the corporation in the State of New York. The 10th and 24th sections, construed together, show that the liability created by the former is inchoate; and that it is the return of the *fi. fa.* unsatisfied which makes the liability of the stockholder absolute, fixed, and actionable. To have that effect, the execution must necessarily be issued by the court of the State which declares by statute it shall have such effect; for it is well settled, that when a statute confers a right and prescribes a remedy, that remedy, *and that remedy only*, can be pursued. *Pollard* v. *Bailey; Knowlton* v. *Ackley, supra.* But the force and effect of an execution issued by a Florida court against a New York corporation must be determined by the laws of Florida, not those of the State of New York. Story, Conflict of Laws, sec. 556–9. V. The case made by the declaration and the sixth plea, upon the demurrer to the latter, is not the subject of a common-law action, but of a bill in equity. In *Terry* v. *Tubman*, 92 U. S. 156, this court said:

"The case of *Pollard* v. *Bailey*, 20 Wall. 520, is an authority

against the maintenance of a separate action by one creditor who seeks to obtain his entire debt, to the possible exclusion of others similarly situated. The proper proceeding is in equity, where all claims can be presented, all the liabilities of the stockholders ascertained, and a just distribution made."

Mr. Justice Woods delivered the opinion of the court.

The only question arising upon the record is whether the declaration presents a cause which entitles the plaintiffs to recover in this action. This was the question considered by the court below, and upon what it deemed the insufficiency of that declaration its judgment was based. The sufficiency of the pleas and rejoinder were not considered, for, if the declaration was bad, the question whether the pleadings of the defendant were good was an immaterial one. If the pleas and rejoinder of the defendant had been adjudged good, that would not have been a final judgment to which a writ of error would lie, but the plaintiffs would have had leave to reply and surrejoin. We are, therefore, limited to the consideration of the sufficiency of the declaration.

The liability which this suit was brought to enforce arises, as the plaintiffs contend, on the tenth section of the act mentioned in the declaration, namely the act of the legislature of New York passed February 17th, 1848, entitled "An Act to authorize the formation of corporations for manufacturing, &c., purposes." The tenth section of the act and the eleventh and twenty-fourth, which also have reference to the liability of stockholders of the company, were as follows:

"Sec. 10. All the stockholders of every company incorporated under this act shall be severally individually liable to the creditors of the company in which they are stockholders, to an amount equal to the amount of stock held by them respectively, for all debts and contracts made by such company, until the whole amount of capital stock fixed and limited by such company shall have been paid in, and a certificate thereof shall have been made and recorded as prescribed in the following section.

"Sec. 11. The president and a majority of the trustees, within thirty days after the payment of the last instalment of the capital

stock so fixed and limited by the company, shall make a certificate stating the amount of the capital so fixed and paid in, which certificate shall be signed and sworn to by the president and a majority of the trustees ; and they shall within the said thirty days record the same in the office of the county clerk of the county wherein the business of said company is carried on.

"SEC. 24. No stockholder shall be. personally liable for the payment of any debt contracted by any company formed under this act, which is not to be paid within one year from the time the debt is contracted, nor unless a suit for the collection of such debt shall be brought against such company within one year after the debt shall become due ; and no suit shall be brought against any stockholder . . . until an execution against the company shall have been returned unsatisfied in whole or in part."

Section 12 of the act will also throw some light on the present controversy. It provided that within twenty days from January 1st in every year every company organized under the act should make a report, which should be published, which should state the amount of the capital of the company, the proportion paid in, and its existing debts, and which should be signed by the president and a majority of the trustees and verified by the oath of the president and filed in the office of the clerk of the county where the business of the company was carried on ; and if any of said companies should fail to do so all the trustees of the company so failing should be jointly and severally liable for its debts then existing.

The defendant contended on several grounds that the declaration set out no cause of action on which the suit could be maintained against him. The first ground was that the liability of the stockholders under section 10 of the act under which the company was organized, and which the suit was brought to enforce, was in the nature of a penalty, and could not be enforced in any court sitting beyond the limits of the State by which the law was passed.

It is well settled, and is not denied by plaintiffs' counsel, that the penal laws of one State can have no operation in another. They are strictly local and affect nothing more than they can

reach. *The Antelope*, 10 Wheat. 66; *Scoville* v. *Canfield*, 14 Johns. 338; *Western Transp. Co.* v. *Kilderhouse*, 87 N. Y. 430; *Lemmon* v. *People*, 20 N. Y. 562; *Henry* v. *Sargeant*, 13 N. H. 321; Story, Conflict of Laws, § 621, 8th ed.

Upon this branch of the case the question for solution is, therefore, whether the individual liability of stockholders provided for by section 10, above quoted, is in the nature of a penalty, or whether it is, as plaintiffs contend, based on a contract between the stockholders and the creditors of the company.

We think the liability imposed by section 10 is a liability arising upon contract. The stockholders of the company are by that section made severally and individually liable, within certain limits, to the creditors of the company for its debts and contracts. Every one who becomes a member of the company by subscribing to its stock assumes this liability, which continues until the capital stock is all paid up and a certificate of that fact is made, published and recorded. The fact that the liability ceases when these events take place does not change its nature and make that a penalty which would, without such limitation, be a liability founded on contract.

Such has been the construction given to section 10 by the Court of Appeals of New York. In the case of *Wyles* v. *Suydam*, 64 N. Y. 173, that court had under consideration sections 10 and 12 of the act under which the Pensacola Lumber Company was organized. The complaint alleged the liability of the defendant, both as a stockholder under section 10 and as a trustee under section 12. The complaint was demurred to, on the ground that two causes of action were improperly joined. The court sustained the demurrer. In giving the reasons for its judgment it said:

"The cause of action against the defendant as a stockholder consists of the debt and the liability created by statute against stockholders where the stock has not been paid in and a certificate of that fact recorded. In effect the statute in such a case withdraws the protection of the corporation from the stockholders, and regards them liable to the extent of the amount of their stock as copartners. *Corning* v. *McCullough*, 1 N. Y. 47. The allegations in the complaint are sufficient to establish a perfect cause

of action against the defendant as a stockholder, primarily liable for the debts to the amount of his stock.

"The allegations against the defendant as trustee also constitute a distinct and perfect cause of action, but of an entirely different character. Here the liability is created by statute, and is in the nature of a penalty imposed for neglect of duty in not-filing a report showing the situation of the company. The object of the action is the same, viz.: the collection of a debt, but the liability and the grounds of it are entirely distinct and unlike. That there are two causes of action in this complaint seems too clear to require much argument. The first cause of action against the defendant as a stockholder is an action on contract. The six years' statute of limitation applies. 1 N. Y. *supra.* The defendant is entitled to contribution. But in respect to the action against defendant as trustee, this court held, in *Merchants' Bank* v. *Bliss,* 35 N. Y. 412, that the three years' statute of limitations applied under the following provision of the code : ' An action upon a statute for a penalty or forfeiture when the action is given to the party aggrieved.' "

This decision is upon the precise point of the controversy in this case. It declares that the liability such as that which the plaintiffs in this action seek to enforce is one arising upon contract, and is not in the nature of a penalty. This decision has never been modified or overruled by the Court of Appeals of New York.

We think this is a case where the construction of the State court is entitled to great if not conclusive weight with us. It is the settled construction of a law of the State upon which the rights and liabilities of a large number of its citizens must depend. If the liability of a stockholder under section 10 arises upon contract, the six years' limitation applies to it ; if the liability is in the nature of a penalty the three years' limitation applies. It is clear that confusion and uncertainty would result should the State and Federal courts place different constructions on the section. Such a result ought, if possible, to be avoided.

It is true that this decision was made after the defendant had become a stockholder in the Pensacola Lumber Company,

but there had been no previous contrary decision. As said by this court in *Burgess* v. *Seligman,* 107 U. S. 20, "even in such cases, for the sake of harmony and to avoid confusion, the federal courts will lean towards an agreement of views with the State courts if the question seems to them balanced with doubt."

If this were a case arising in the State of New York we should therefore follow the construction put upon the statute by the courts of that State. The circumstance that the case comes here from the State of Florida should not leave the statute open to a different construction. It would be an anomaly for this court to put one interpretation on the statute in a case arising in New York, and a different interpretation·in a case arising in Florida. Our conclusion, therefore, is that this action was not brought to enforce a liability in the nature of a penalty.

The right of the plaintiffs to sue upon this liability in any court having jurisdiction of the subject-matter· and the parties is, therefore, clear. *Dennick* v. *Railroad ·Co.,* 103 U. S. 11.

The next contention of the defendant is that the recovery of a judgment against the company in the State of New York on the debt due the plaintiffs, and the issue of an execution thereon, returned unsatisfied, is a necessary condition to the liability of the defendant; and as the declaration only avers the recovery of a judgment in the State of Florida, it is insufficient.

It appears from the declaration that before the year allowed by section 24 of the statute, for bringing suits against the company on the debts due the plaintiffs had expired, the company had been adjudicated a bankrupt by the District Court of the United States for the Southern District of New York; that all its property had been sold, and the proceeds thereof were insufficient to pay the costs and expenses of the bankruptcy proceedings.

Although it has been held by the court of appeals, in the case of the *Rocky Mountain Bank* v. *Bliss,* 89 N. Y. 338, that a judgment in a court of the State of New York was necessary to fix the liability of a stockholder under section 10 of the act

under consideration, yet the same court, in the case of *Shillington* v. *Howland*, 53 N. Y. 371, held that in an action brought to charge a defendant as stockholder in a company organized under the same law, an adjudication in bankruptcy of the company excused a compliance with the condition which required a suit to be brought against the company within a year after the maturity of the debt, and a judgment to be recovered and an execution to be issued thereon and returned unsatisfied. We see no reason why we should not follow this decision, and it is conclusive of the question under consideration.

The object of section 24 was to compel the creditor to exhaust the assets of the company before seeking to enforce the liability of the stockholder. When the declaration shows that this was done, and that a literal performance of the condition would have been vain and fruitless, the performance of the condition may well be held to have been excused.

Lastly, it is objected that the declaration sets out a case which should have been prosecuted in equity, and not at law. There is no ground for this objection to rest on. In the cases of *Pollard* v. *Bailey*, 20 Wall. 520, *Terry* v. *Tubman*, 92 U. S. 156, to which we are referred in its support, the liability of the stockholders was in proportion to the stock held by them. Each stockholder was, therefore, only liable for his proportion of his debts. This proportion could only be ascertained upon an account of the debts and stock, and a pro rata distribution of the indebtedness among the several stockholders. This, the court held, could only be done by a suit in equity.

But in this case the statute makes every stockholder individually liable for the debts of the company for an amount equal to the amount of his stock. This liability is fixed, and does not depend on the liability of other stockholders. There is no necessity for bringing in other stockholders or creditors. Any creditor who has recovered judgment against the company and sued out an execution thereon, which has been returned unsatisfied, may sue any stockholder, and no other creditor can. Such actions are maintained without objection in the courts of New York, under section 10 of the statute relied on in this case. *Shillington* v. *Howland*, 53 N. Y. 371; *Weeks* v. *Suydam*,

64 N. Y. 173; *Handy* v. *Draper*, 89 N. Y. 334; *Rocky Mountain Nat. Bank* v. *Bliss*, Id. 338.

We have considered all the objections made to the declaration. In our opinion none of them are well founded.

Our conclusion is, therefore, that the declaration was sufficient, and it follows that

> *The judgment of the circuit court must be reversed, and the cause remanded for further proceedings in conformity with this opinion.*

Case No. 122, *John I. Adams & Co.* v. *Adna C. Conn*, is in all respects similar to the case just decided, and was submitted on the same arguments and briefs. The judgment in that case must, therefore, be reversed, and the cause remanded to the circuit court for further proceedings, in conformity with the opinion announced in the case No. 121.