## HALL & CO. *v.* KLINCK.

1. The liability of the stockholders of a corporation to its creditors being a creature of statute, the nature and extent of such liability depends upon the special terms of the statute, in each particular case. In this case the terms of the charter being that "*each* stockholder shall be jointly and *severally* liable to the creditors thereof in an amount besides the value of his share or shares therein, not exceeding ten per cent. of the par value of the share or shares held by him;"—one of the creditors might bring his individual action at law against one of the stockholders, to recover his debt to the extent of ten per cent. of the par value of the defendant's shares.

2. Money advanced with no time stipulated for repayment is instantly due, and therefore is a demand payable within a year. And this is a question of fact, which, in a law case, is concluded by the finding of the Circuit Court.

3. A creditor of the corporation, even though an officer or agent thereof, may avail himself of this provision of the charter. And, it would seem, that a stockholder, if a creditor, might also enforce his demand against a co-stockholder; but in this case the creditor, a partnership, was not a stockholder, notwithstanding all the parties were.

4. Neither a compromise made by plaintiff with all the other stockholders, which to no extent increased the liability of defendant, nor an offer by plaintiff to compromise with defendant, which was refused, affected

plaintiff's right to recover from defendant the full amount due by him under the terms of the charter.

Before PRESSLEY, J., Charleston, July, 1885.

The opinion fully states the case.

*Messrs. Mitchell & Smith,* for appellant.

*Messrs. Smythe & Lee,* contra.

September 23, 1886.   The opinion of the court was delivered by

MR. JUSTICE MCIVER.   This was an action brought by G. Oliveras Hall, as survivor of W. P. Hall & Co., against the defendant as a stockholder in the Kiawah Phosphate Company, to recover ten per cent. of the amount of his stock under one of the provisions of the charter of said company.   It appears that the Kiawah Phosphate Company was formed under the general law authorizing the formation of certain classes of corporations and received its charter from the clerk of the court on January 9, 1882.   The capital stock of said company was seventy five thousand dollars, divided into shares of five hundred dollars each, of which the defendant, at the time of the formation of said company, and ever since, held ten shares.   The firm of W. P. Hall & Co. was not a stockholder, but the individuals composing said firm were all stockholders, not, however, in the same proportions as they were interested in the firm of W. P. Hall & Co.   One of these individuals, F. P. Salas, was the president, and another, W. P. Hall, was one of the directors of said company.   The firm of W. P. Hall & Co. were duly appointed general agents of said company, and as such were charged with the financial affairs of the company, under the direction of the board of directors.   These financial agents were authorized by the board of directors from time to time to borrow money for the use of the company as occasion might require, and under this authority the firm of W. P. Hall & Co. from time to time made large advances to the Kiawah Phosphate Company, exceeding in the whole the sum of fifty thousand dollars.

The operations of the company proving unsuccessful, it was determined to sell out the property and settle up its affairs. Accordingly the property was sold, and after applying the proceeds of the sale to the amount due W. P. Hall & Co., there still remained a very considerable balance due to them. To meet this balance, resort was had to the liability of the stockholders under one of the provisions of the charter, which will hereinafter be set out. At first it was erroneously supposed that this liability was five per cent. of the stock held by each stockholder, and after some had settled upon that basis, it was ascertained that the correct amount of the liability was ten instead of five per cent. After this discovery was made, and after some negotiations, the plaintiffs agreed, by way of compromise, to accept five per cent. in discharge of the stockholders' liability, provided that amount was paid; otherwise they would claim the ten per cent. Accordingly all the stockholders, except the defendant, paid five per cent., and this still left a balance of over four thousand dollars due by the company, for which balance suit was brought by W. P. Hall & Co. against the company and judgment recovered and the execution issued thereon was returned wholly unsatisfied.

After the defendant had been several times offered the privilege of settling his liability at five per cent., as the other stockholders had done, and notified that if he refused to accept this offer, suit would be brought in which ten per cent. would be demanded, and after his refusal to accept such offer, this action was commenced. It appeared in evidence from the books of the company that W. P. Hall & Co. were the only creditors of the company, and the testimony also showed that even if all the stockholders had paid ten instead of five per cent. of their stock, there would still be a balance due to the plaintiffs exceeding the amount now claimed from the defendant.

The case was docketed on calendar No. 1, and upon the call of that calendar a motion was made by the defendant to transfer the case to calendar No. 2, upon the ground "that it was properly a case in equity, to which all the creditors and all the stockholders should be parties." The Circuit Judge refused the motion, holding that "the provisions of law applicable to the charter involved in this case differ from those of every other decided case

which I have been able to examine on same subject. They seem clearly to intend that every stockholder, to the extent of his liability, is subject to an action at law by any creditor who, after due effort, has failed to collect his debt from the company."

A jury having been waived, the case was tried by the court, when Judge Pressley, after hearing the evidence and the argument, rendered judgment in favor of the plaintiffs, saying: "The debt and insolvency of the company are proved. Plaintiff is sole creditor, and defendant is the only stockholder who has not settled his liability. The only serious issue of fact in the case is whether plaintiffs' debt was payable within a year from the time it was contracted. It was payable on call; the company had the right to pay, and the creditor the right to demand payment at pleasure—that I regard as a debt payable within the year."

From this judgment defendant appeals upon the several grounds set out in the records, which raise the following questions: 1st. Can this action be maintained at law, or is the remedy in equity alone where all the creditors and all the stockholders can be made parties? 2d. Was the debt due plaintiffs payable within a year? 3d. Does the stockholders' liability, under the charter, attach in favor of officers or co-stockholders in the company? 4th. Can the defendant be made liable for more than five per cent. of his stock?

As is said by Mr. Chief Justice Waite in *Terry* v. *Little*, 101 *U. S.*, 217: "The individual liability of stockholders in a corporation is always a creature of statute. It does not exist at common law. The first thing to be determined in all such cases is, therefore, what liability has been created. There will always be difficulty in attempting to reconcile cases of this class in which the general question of remedy has arisen, unless special attention is given to the precise language of the statute under consideration. * * * Undoubtedly, under the provisions of some charters, suits at law may be maintained by one creditor against one or more of the stockholders. The form and extent of a statutory liability of this kind depend upon the particular phraseology of the statute which creates the liability."

To determine, therefore, the first question presented by the grounds of appeal, we must look to the particular phraseology of

the statute creating the liability in this case. That statute is
now incorporated in the General Statutes as section 1362, and so
much of it as relates to the questions here involved, reads as fol-
lows : "Each stockholder in the said corporation shall be jointly
and severally liable to the creditors thereof in an amount, besides
the value of his share or shares therein, not exceeding ten per
cent. of the par value of the share or shares held by him at the
time the demand of the creditor was created : Provided, that
such demand shall have been payable within one year." Now, in
the particular phraseology here used, several things are observ-
able. The language is *each* stockholder—not the stockholders
generally ; the liability is joint and *several*, not joint only ; the
amount of the liability is a fixed and definite sum, not propor-
tionate to the amount of debts due or the liability of others. In
fixing the time to which reference must be had to ascertain the
amount of the liability of each stockholder, we find the singular
and not the plural number used—ten per cent. of the par value
of the shares "held by *him* at the time the *demand* of the *creditor*
was created." And, finally, in the proviso the singular and not
the plural number is again used : "Provided that such *demand*
shall have been payable within one year."

From this analysis of the language of the section it seems
clear that where there is a creditor of a corporation holding an
unsatisfied demand against it, which was payable within one year,
a *several* liability is fixed upon *each* stockholder to pay such de-
mand to the extent of ten per cent. of the par value of the shares
held by him at the time such demand was created. Such liability
rests upon contract, implied from the acceptance of a charter con-
taining such provision (*Sullivan* v. *Sullivan Manufacturing
Company*, 14 *S. C.*, 494 ; 20 *S. C.*, 79 ; *Flash* v. *Conn*, 109
*U. S.*, 371), and presents a clear case for enforcement by an
action at law. The fact that under this construction of the
statute it is barely possible that a single stockholder might be
required to pay the total balance due by an insolvent corporation,
after exhausting all of its assets, cannot affect the question. Our
inquiry is limited to what is the proper construction of the lan-
guage used by the legislature, and we have no power or disposi-
tion to question the policy of any of its acts. The question for

us to determine is, what is the remedy given to a creditor of a corporation against the stockholders by the act in question ? If the remedy given operates harshly or inequitably as between the stockholders themselves, it is for them, and not the creditors, to invoke the aid of that tribunal which has the power to adjust the equities amongst themselves. *Ogilvie* v. *The Knox Insurance Company,* 22 *How.,* 380.

So, too, the fact that under the construction which we have adopted, it is possible that one creditor may acquire an advantage over another by promptness of action, does not strike us as entitled to much, if any, consideration. It will be observed that the section of the act which we are called upon to construe, unlike many others which were designed to fix an individual liability upon the stockholders of a corporation for the protection of its creditors, contains no language indicating a purpose that the liability of the stockholders shall constitute a common fund to be applied to the payment of the creditors in proportion to the amount of their several demands. On the contrary, it fixes a liability to a definite, specified amount upon *each* stockholder to pay the demand of any creditor which shall have been payable within a year. It is, therefore, like the ordinary case of several creditors having demands against the same person, where, usually, the prompt and vigilant acquire an advantage over the dilatory and indifferent.

As has already been said, it is not to be expected that the various cases on this subject can be reconciled, because the phraseology used in the several charters which have been brought under review differ materially in declaring the liability of stockholders and directors, or trustees of a corporation. Hence we do not think that the cases mainly relied upon by appellant are applicable. For example, in *Pollard* v. *Bailey* (20 *Wall.,* 520), the language of the charter was : "Individual stockholders, having shares in said bank, shall be bound respectively for all the debts of the bank *in proportion* to their stock holden therein ;" and the fact that the provision was for a *proportionate* liability, and not for a fixed sum, was held to be sufficient to show that such a liability could only be enforced by a proceeding in equity, to which all the creditors and all the stockholders should be made

parties, so as to enable the court to determine the proportionate liability of each stockholder. But in that very case the distinction between a provision for a proportionate liability, and one in which no such feature appears, was expressly recognized by the Chief Justice in delivering the opinion of the court, for he says: "The case is different from what it would be if the charter had provided generally that all stockholders should be individually liable for the payment of the debts." How much more pointed would the distinction be if the ₁charter provided, as in the case now under consideration, that *each* stockholder should be *severally* as well as jointly liable to the creditors for ten per cent. (a fixed and definite sum) of the par value of the shares held by *him* at the time the *demand* of the *creditor* was created; provided *such demand* was payable within a year.

So in *Terry* v. *Tubman* (92 *U. S.*, 156), the provision of the charter was for a *proportionate* liability, and the remarks just made will dispose of that case. But, in addition to this, it may be observed that the point was not raised in *Terry* v. *Tubman*; but the justice who delivered the opinion of the court simply remarked that under the case of *Pollard* v. *Bailey, supra,* the proper proceeding was in equity. In *Hornor* v. *Henning* (93 *U. S.*, 228), the provision of the charter was that "if the indebtedness of any company organized under this act shall at any time exceed the amount of its capital stock, the trustees of such company assenting thereto, shall be personally and individually liable for such excess to the creditors of the company." So that there the liability was not for any fixed and definite sum, but for whatever amount the debts might be found to exceed the capital stock; and it was held that the true construction of the act was that the trustees who assented to such an increase of indebtedness beyond the amount of the capital stock were to be held guilty of a breach of trust, for which they were accountable to the creditors. Of course, such a liability could only be enforced by a proceeding in equity, and the case was again distinguished from those cases in which it had been held that an action at law might be maintained against a single stockholder by a single creditor; for there the liability of the stockholder, under the statute, is several and is limited to the amount of his stock, a

fixed sum easily ascertained. It is very manifest, therefore, that the case of *Hornor* v. *Henning* is not applicable to the case now under consideration.

In *Stone* v. *Chisolm* (113 *U. S.*, 302), the provision of the charter was as follows: "The total amount of debts which such corporation shall at any time owe shall not exceed the amount of its capital stock actually paid in; and in case of excess, the directors, in whose administration it shall happen, shall be personally liable for the same, both to the contractor or contractors and to the corporation." The question was whether under this charter a single creditor could maintain an action at law against one or more directors, or whether such creditor must proceed by a creditor's bill in equity. The court held that the case could not be distinguished from *Hornor* v. *Henning*, and that the proper proceeding was in equity. We do not see, therefore, how the case of *Stone* v. *Chisolm* can be regarded as sustaining the view contended for by appellant.

On the other hand, the case of *Flash* v. *Conn* (109 *U. S.*, 371), cited by the counsel for respondents, seems to us more in point. The language of the charter there brought under review was as follows: "All the stockholders of every company incorporated under this act shall be severally, individually, liable to the creditors of the company in which they are stockholders, to an amount equal to the amount of stock held by them respectively, for all debts and contracts made by such company, until the whole amount of capital stock fixed and limited by such company shall have been paid in, and a certificate thereof shall have been made and recorded as prescribed in the following section." Now, although this language is not so strong as that used in the charter now under consideration, yet the court held that a single creditor could, under that charter, maintain an action at law against a single stockholder.

In delivering the opinion of the court, Mr. Justice Woods uses this language: "Lastly, it is objected that the declaration sets out a case which should have been prosecuted in equity, and not at law. There is no ground for this objection to rest on. In the cases of *Pollard* v. *Bailey*, 20 *Wall.*, 520; *Terry* v. *Tubman*, 92 *U. S.*, 156, to which we are referred in its support, the lia-

bility of the stockholders was in proportion to the stock held by them. Each stockholder was, therefore, only liable for his proportion of the debts. This proportion could only be ascertained upon an account of the debts and stock, and a *pro rata* distribution of the indebtedness among the several stockholders. This the court held could only be done by a suit in equity. But in this case the statute makes every stockholder individually liable for the debts of the company for an amount equal to the amount of his stock. This liability is fixed, and does not depend on the liability of other stockholders. There is no necessity for bringing in other stockholders or creditors. Any creditor who has recovered judgment against the company and sued out an execution thereon, which has been returned unsatisfied, may sue any stockholder, and no other creditor can."

It seems to us that the intention of the legislature, as derived from the language used in the charter now under review, was to protect the interest of creditors, and not stockholders, of the corporation, by affording the former a cheap and expeditious mode of enforcing the payment of their debts, thus ensuring, as far as practicable, the utmost good faith and the most prudent management on the part of those interested in corporations which, by virtue of associated capital, energy, and brains, necessarily acquire large advantages over the individual citizen. If the liability secured by this act could only be enforced by a proceeding in equity, oftentimes tedious and expensive, it would amount to a practical denial of the security intended to be afforded, in many cases, for creditors holding small demands would be deterred, by the expense and delay which they would have to encounter, from availing themselves of the remedy provided. We think, therefore, that there was no error on the part of the Circuit Judge in holding that an action at law could be maintained in this case.

The second question being a question of fact, and this being an action at law, is of course concluded by the finding of the Circuit Judge. We may add, however, that we do not see how Judge Pressley could have reached any other conclusion. We suppose there can be no doubt that in any view of the testimony, an action could have been brought by W. P. Hall & Co. at any time within a year, to recover payment of the debt due them by

the Phosphate Company, for it is conceded on all hands that no definite credit was given for any definite time; and if so, it must necessarily follow that the debt was payable within a year, for certainly no action could be maintained to recover payment of a debt until the same had become payable. '

As to the third question presented by the grounds of appeal, we do not see how a doubt can be entertained. The provision in the charter is in favor of all creditors without distinction, and, therefore, if an officer or agent of a corporation is capable of becoming its creditor, we see no reason why the plaintiffs may not avail themselves of this provision of the charter, even though they may have been officers or agents of the company. That an officer or agent of a corporation may become its creditor, is conclusively shown by the following cases : *Railroad Company* v. *Claghorn, Speer Eq.*, 545; *Farrow* v. *Bivings*, 13 *Rich. Eq.*, 25; *Albright* v. *Town Council*, 9 *Rich.*, 399; *Twin Lick Oil Co.* v. *Marbury*, 91 *U. S.*, 587. It is true, as is said in the case last cited, that a contract made by an officer of a corporation with it, is like the dealings of one occupying a fiduciary relation with the subject of his trust or agency, subject to the jealous scrutiny of the court to see that fair dealing has been observed; yet when such a contract is not open to any imputation of fraud or want of conscientious fairness, it stands as any other contract with a stranger. The case of *Wardell* v. *Railroad Company*, (103 *U. S.*, 651), relied on by appellant's counsel, presented a clear case of fraud on the part of the directors of the company, and therefore the contract was set aside.

We have not deemed it necessary to inquire whether a stockholder or member of a corporation can avail himself of the remedy provided by the charter in this case against the other stockholders, for the evidence shows that the firm of W. P. Hall & Co. was not a stockholder in the company. The fact that all the individuals composing the firm of W. P. Hall & Co. were stockholders cannot alter the case. In law the firm is a distinct person, different from the individuals composing it, with different rights, privileges, and liabilities, and must not be confounded with them. But even if the firm had been a stockholder, it would seem from the case of *Farrow* v. *Bivings*, above cited,

that it might still enforce this liability against the other stockholders.

The only remaining inquiry is, whether the defendant can be made to pay more than has been accepted, by the creditor, from the other stockholders by way of compromise. We do not think that anything can be plainer than that where a creditor offers a compromise which has been rejected, he is remitted to his original legal rights, especially when, as in this case, the offer is accompanied with a notice that if it is not accepted, the creditor will claim his full legal rights. The fact that the creditor has chosen to accept from others only a portion of their liability in full satisfaction of his demand against them, works no loss or injury to the defendant, for the evidence shows that even if the other stockholders had paid the full amount of their liability as fixed by the statute, there would still be a balance due to the plaintiffs largely in excess of the amount now claimed from the defendant as his liability under the express terms of the statute. So that whether the other stockholders have paid all or none of the liability imposed upon them, is a question which does not concern the defendant, but is a matter entirely between the plaintiffs and the other stockholders. If it had appeared that, by reason of the acceptance by the creditors from the other stockholders of only one-half of their liability, the amount necessary to be paid the plaintiffs by the defendant had been increased, then, perhaps, a different view might have been taken; but as this did not appear, it is not necessary for us to consider the case in that aspect.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.