S. Skiddy Cochran, Appellant, v. William A. Weichers, Respondent.

*N. Y. Supreme Court, First Department, General Term, July 9, 1889.*

*Abatement and revival. Action against stockholder.*—An action brought by a creditor against a stockholder to recover his claim against the corporation by reason of the non-filing of the certificate as to the payment of the capital stock, is an action on contract, and not for a penalty, and may, on motion, be revived against the personal representatives of the deceased stockholder.

Appeal from an order denying motion to revive an action as against the executors of the deceased defendant.

*H. D. Hotchkiss*, for appellants.

*Hy. Schmitt*, for respondent.

Van Brunt, P. J.—This motion to revive was denied, upon the ground that the cause of action set out in the complaint was to recover a penalty and therefore, did not survive. In this we think the learned judge fell into an error, as the action was not brought to recover a penalty, but to recover a sum which the deceased (under the act under which the corporation was formed of which he was a member), became liable to pay under certain contingencies.

The provisions of the act in question are that in limited liability companies all the stockholders shall be individually liable to the creditors of the company in which they are stockholders to an amount equal to the stock held by them respectively for all debts and contracts made by such company until the whole amount of capital stock fixed by such

company has been paid in and a certificate thereof has been made and recorded as therein provided.

Although the deceased has paid in full for his stock, yet still the subsequent conditions in regard to the filing of the certificate as to the payment of the stock have not been complied with ; and the defendant became liable under the provisions of this section to the creditors of the corporation for all debts and contracts made by such corporation to the amount of the stock held by him.

The discussion of this question seems to be entirely unnecessary in view of the decision of the supreme court of the United States in the case of Flash *v.* Conn. (109 U. S. 371). That action was brought to enforce a liability under section 10 of the act of the legislature of the state of New York, passed February 17, 1848, commonly known as the manufacturing act. The language of section 10 is identical, with but two insignificant exceptions, with the language which has been quoted from section 37 of the act under which the deceased's corporation was organized, and that action was brought to enforce identically the same liability which is sought to be enforced by this action ; and it was there held that the action was not brought to enforce a liability in the nature of a penalty following the decisions upon this point which had previously been made in the state of New York, but a liability arising upon contract.

The order must be reversed, with ten dollars costs and disbursements ; and an order entered reviving the action as against the personal representatives of the deceased defendant.

BRADY and BARRETT, JJ., concur.