McLOUGHLIN v. RAPHAEL TUCK & SONS CO.

(Circuit Court of Appeals, Second Circuit. April 8, 1902.)

No. 8.

1. PENALTIES—FALSE NOTICE OF COPYRIGHT—EXTRATERRITORIAL EFFECT OF STATUTE.

Rev. St. U. S. § 4963, provides that "every person who shall insert or impress" a false notice of copyright "in or upon any book * * * for which he has not obtained a copyright in the United States" shall be liable to a penalty. Defendant imported from Germany and sold in the United States books bearing a false copyright notice, which had

been impressed on them by the publisher in Germany by defendant's authorization. *Held,* that defendant was not liable to the penalty, the statute having no extraterritorial effect.

**2. SAME.**

Act March 3, 1897, amending Rev. St. § 4963, subjects to the penalty, in addition, every person "who shall knowingly issue or sell any article" bearing such false notice of copyright, "provided, that this act shall not apply to any importation of or sale of such goods brought into the United States prior to the passage hereof." The books in question were imported prior to the passage of the act, but part of them were sold in the United States after its passage. *Held,* that such sale did not make defendant liable to the penalty.

In Error to the Circuit Court of the United States for the Southern District of New York.

See 99 Fed. 562.

A. Bell Malcomson, for plaintiff in error.

Louis C. Raegener, for defendant in error.

Before WALLACE, SHIPMAN, and TOWNSEND, Circuit Judges.

WALLACE, Circuit Judge. This is a writ of error by the plaintiff in the court below to review a judgment for the defendant upon a verdict rendered by the direction of the court. The action was brought to recover penalties because of the sale by the defendant of certain books upon which were impressed a false notice of copyright. The complaint sets forth 83 causes of action. Of these the first 72 allege that the defendant published and issued in August, 1896, at the city of New York, a book or booklet, and in or upon said book did knowingly insert and impress a false and fictitious notice that the same was copyrighted. The remaining 11 causes of action allege that the defendant in April, 1897, at the city of New York, did knowingly issue and sell a certain book or booklet bearing a false and fictitious copyright notice.

The first 72 causes of action are founded upon the statute as it read before the amendment of March 3, 1897. The 11 remaining causes of action are founded upon the amended statute.

Prior to the amendment of March 3, 1897, the statute (Rev. St. § 4963) subjected "every person who shall insert or impress such notice, or words of the same purport, in or upon any book * * * for which he has not obtained a copyright in the United States," to a penalty of $100, recoverable one-half for the person who shall sue for such penalty and one-half for the use of the United States. By the amendment of 1897 the statute was extended so as to subject to the penalty not only every person who inserts or impresses such false notice of copyright upon any book, but also every person "who shall knowingly issue or sell any article" bearing such a false notice, "provided, that this act shall not apply to any importation of or sale of such goods or articles brought into the United States prior to the passage hereof."

Upon the trial of the action it appeared that the defendant imported in 1896, from a foreign country, the books described in the several counts of the complaint; that these books bore a false copy-

right notice; that this notice was impressed upon them in Germany by the publisher, by the authorization of the defendant; and that in 1896 the defendant sold in this country the books described in the first 72 counts of the complaint, and subsequent to March 3, 1897, sold in this country the books described in the 11 remaining counts.

We are of the opinion that the court below correctly ruled that upon the facts shown the defendant was not liable. Treating the insertion of the copyright notice in Germany as the act of the defendant, the act was not within the purview of the statute. The penal laws of one state or sovereignty can have no operation in another. As said in Flash v. Conn, 109 U. S. 376, 3 Sup. Ct. 263, 27 L. Ed. 966, "They are strictly local, and affect nothing more than they can reach." In Charles v. People, 1 N. Y. 180, the court said: "Our legislature has no extraterritorial jurisdiction; and when it forbids, in unqualified terms, the doing of an act, it must always be understood that the thing is only forbidden within this state." Until the amendment of 1897 the importation or the sale of an imported book having a copyright notice known to be false impressed upon it was not prohibited, and the defendant, in bringing the books here and selling them here, was within its legal right, however reprehensible its conduct may have been. The defendant did not violate the statute by impressing the false notice upon the books in Germany, nor by selling the books in this country knowing the false notice to have been impressed upon them. It committed an act in Germany, which, if it had been done here, would have been penal; but nothing which was done by it here was prohibited in the statute in force in 1896, nor did it by doing both of these things alter the statutory character of either act. The statute did not reach the case, and is not to be extended by interpretation to a transaction outside its scope. It was doubtless in recognition of the defect in the statute, and of the facility with which it could be evaded by unscrupulous book dealers, that the amendments of 1897 were passed. The sale of the books by the defendant subsequent to the amendment would probably have subjected the defendant to the penalty had not the proviso industriously excluded such a sale from the operation of the amendment.

The judgment is affirmed.