## McLOUGHLIN *v.* RAPHAEL TUCK CO.

ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND
CIRCUIT.

No. 73.   Argued November 11, 12, 1903.—Decided November 30, 1903.

The penal provisions of § 4693, R. S., as amended by the act of March 3, 1891,
had no extraterritorial operation and did not embrace the act of affix-
ing in a foreign country to a publication, a false statement that it was
copyrighted under the laws of the United States.

Prior to the amendment of March 3, 1897, there was no provision in the
copyright laws forbidding the importation into, or the sale after its im-
portation within, the United States of an article falsely stamped with
the copyright notice in a foreign country and the proviso in the amend-
ing act expressly saved the right to sell such an article if it had been im-
ported prior thereto.

THE facts are stated in the opinion.

*Mr. A. Bell Malcomson* for plaintiff in error.

*Mr. Harold Binney* for defendant in error.  *Mr. Louis C.
Raegener* was on the brief.

MR. JUSTICE WHITE delivered the opinion of the court.

Section 4963 of the Revised Statutes, as amended by the
act of March 3, 1891, relating to the notice of copyright to be
affixed to copyrighted articles, provided as follows:

"Every person who shall insert or impress such notice, or
words of the same purport, in or upon any book, map, chart,
dramatic, or musical composition, print, cut, engraving, or
photograph, or other article, for which he has not obtained a
copyright, shall be liable to a penalty of one hundred dollars,
recoverable one-half for the person who shall sue for such
penalty, and one-half to the use of the United States."

On March 3, 1897, the foregoing provisions were amended, 29 Stat. 694, c. 392, by the following:

"Every person who shall insert or impress such notice, or words of the same purport, in or upon any book, map, chart, dramatic or musical composition, print, cut, engraving or photograph or other article, whether such article be subject to copyright or otherwise, for which he has not obtained a copyright, or shall knowingly issue or sell any article bearing a notice of United States copyright which has not been copyrighted in this country; or shall import any book, photograph, chromo, or lithograph or other article bearing such notice of copyright or words of the same purport, which is not copyrighted in this country, shall be liable to a penalty of one hundred dollars, recoverable one-half for the person who shall sue for such penalty and one-half to the use of the United States; and the importation into the United States of any book, chromo, lithograph, or photograph, or other article bearing such notice of copyright, when there is no existing copyright thereon in the United States, is prohibited; and the Circuit Courts of the United States sitting in equity are hereby authorized to enjoin the issuing, publishing, or selling of any article marked or imported in violation of the United States copyright laws, at the suit of any person complaining of such violation: *Provided*, That this act shall not apply to any importation of or sale of such goods or articles brought into the United States prior to the passage hereof."

The state of the law prior to 1897, pertinent to this case, was therefore this: A penalty was imposed of $100 for untruthfully impressing upon an article which was subject to be copyrighted in the United States the fact that the same had been copyrighted, but there was no provision or penalty concerning the importation from a foreign country of an article which was untruthfully stamped in such country as having been copyrighted in the United States, and no express provision or penalty concerning the sale of an article in the United States which was untruthfully stamped as copyrighted. The amendment

of 1897 caused the previous provision as to untruthfully stamping a notice of copyright to apply, although the article was not subject to copyright under the law of the United States, and prohibited the importation of an article untruthfully stamped from a foreign country, and also prohibited the sale of an article in the United States which was falsely stamped, the penalty previously provided being made applicable to the added prohibitions.

The plaintiff in error in 1898 commenced this action in the Circuit Court of the United States against the defendant in error, to recover the $100 penalty, provided in the statute, for each of eighty-three alleged distinct violations of the statute. The basis of the first to the seventieth cause of action was asserted to be that on or about the first day of August, 1896, the defendant, "at the city of New York, in the State of New York, did publish and issue a certain picture book or booklet" (a distinct article being named in the statement of each of the seventy distinct causes of action) "and in and upon said book did knowingly insert and impress a false and fictitious notice that the same was copyrighted. . . ." The seventy-first and seventy-second causes of action charged that the defendant on the eleventh day of June, 1897, in the city of New York, "did knowingly issue and sell a certain picture book," described therein, with a false notice of copyright stamped on it. The seventy-third to the eighty-third and last cause of action charged the commission as to different publications, of like acts, in the city of New York on or about April 26, 1897.

On the trial to a jury the defendant admitted that all the publications referred to had on them an untruthful statement that they had been copyrighted under the laws of the United States, which statement had been affixed in a foreign country at their request and for their account. It was also proved by the defendant, without conflict in the testimony, that all the publications having on them the untruthful statement of copyright were imported into the United States prior to the enactment of the amendment of 1897. Under this state of

the proof the trial court instructed a verdict for the defendant. Error was prosecuted by the plaintiff to the Circuit Court of Appeals and that court affirmed the judgment. 115 Fed. Rep. 85. The court held that the penal provisions of the law had no extraterritorial operation, and therefore did not embrace the act of affixing in a foreign country to a publication a false statement that it was copyrighted under the laws of the United States. Concerning the sales made after the passage of the amendment of 1897, the court held that the trial court had correctly instructed the jury that as the books so sold after the amendment of 1897 were imported into the United States prior thereto, the right to sell them in the United States was saved by the proviso of that amendment.

The court below was clearly right in its conclusions as to the non-extraterritorial operation of the law as it stood prior to the amendment of 1897. *Flash* v. *Conn*, 109 U. S. 371, 376. In saying this we do not wish to be considered as holding that where an act done in a foreign country against a penal provision of the law of the United States is but the initial step in accomplishing a subsequent violation in the United States of other penal provisions, that the act done in the foreign country might not, under some circumstances, be treated as having been performed in the United States. On this question we intimate no opinion whatever, as the circumstances of the case do not require us to do so. Under the law as it stood prior to 1897 there was no provision forbidding the importation of an article falsely stamped in a foreign country, or prohibiting the sale in the United States of an article falsely stamped. There could, therefore, be no possible relation between subsequent lawful acts performed in the United States concerning the article falsely stamped in a foreign country.

The court was also manifestly right concerning the articles falsely stamped which were imported into the United States prior to the amendment of 1897, but sold in the United States subsequent to that amendment. The proviso expressly excluded from the operation of that amendment "any importa-

tion of or sale of such goods or articles brought into the United States prior to the passage thereof." Whilst this was not disputed in the argument at bar, it was insisted that the court below erred in affirming the act of the trial court in instructing a verdict on this subject, because the evidence did not unquestionably establish that the articles which were sold after March 3, 1897, were in fact imported prior to that date. To support this contention the evidence which is contained in the bill of exceptions is referred to. We are of opinion that the claim is without merit, and that from the testimony, as preserved in the bill of exceptions, it results that the trial court correctly instructed the jury on the subject.

It is urged, however, that error was committed by the trial court in the admission of proof concerning the date of the importation of the articles sold after March 3, 1897. Whilst we think the contention is without merit, we shall not review the grounds upon which it is based, because it is not open to inquiry upon the record before us. No error concerning the admission or rejection of testimony was assigned in the Circuit Court of Appeals, and that court, in considering the case, treated it as involving only two issues, the extraterritorial operation of the provisions of the law, as it stood prior to March 3, 1897, and the effect of the proviso which formed a part of that amendment. And this upon the assumption that the correctness of the ruling of the lower court concerning the admission of testimony was unchallenged by the plaintiff in error. We say upon the assumption, since the opinion of the Court of Appeals makes no reference to any question concerning the admissibility of testimony, and because the assignment of errors made for that court was directed to the adequacy of the "admissions and testimony" to sustain the action of the trial court in instructing a verdict.

*Affirmed.*

MR. JUSTICE HOLMES did not hear the argument and took no part in the decision of this case.