## STEWART v. AHERN.

Circuit Court of Appeals, Ninth Circuit.
May 20, 1929.

No. 5653.

Arthur L. Shannon, of San Francisco, Cal., for appellant.

Walter S. Rountree, of San Francisco, Cal., and Harry Benoit, of Twin Falls, Idaho, for appellee.

Before RUDKIN and DIETRICH, Circuit Judges, and BEAN, District Judge.

RUDKIN, Circuit Judge. The Idaho Central Railroad Company was incorporated under the laws of the state of Idaho in June, 1920. Its common stock was divided into 25,000 shares of the par value of $100 each, and Joseph L. Stewart, trustee, subscribed for 1,000 of such shares. December 18, 1925, Earl J. Ahern recovered judgment against the corporation in a state court of Idaho for the sum of approximately $20,-000, and an execution on the judgment was returned unsatisfied. Thereafter Ahern commenced the present suit against Stewart in the court below, in behalf of himself and all other creditors entitled to share in the fund sought to be reached who might choose to come in as parties to the suit, to enforce the stockholder liability imposed by the laws of the state of Idaho. The bill of complaint alleged the subscription to the capital stock of the corporation by the defendant; the recovery of a judgment against it in the Idaho court; the return of an execution unsatisfied; that it was impossible to obtain a judgment against the corporation in any court within the state of California for the reason that it had no status in California; that no court within California had any jurisdiction over it; that the corporation had

no property or assets in the state of California; that the plaintiff was informed and believed and therefore alleged that the defendant became a subscriber to the capital stock and was such at the time the indebtedness to the plaintiff was incurred and continued to be such subscriber in the amount of $100,000 at the time of the commencement of the present suit; and that the defendant had not paid the subscription or any part thereof. Upon the trial a decree was entered in favor of the plaintiff according to the prayer of the complaint, and the defendant has appealed therefrom.

In support of his appeal the appellant contends that the appellee had not exhausted his remedy at law, that the corporation was an indispensable party defendant, and that the other stockholders should likewise have been made parties defendant.

In a federal court of equity the rule is well settled that a creditor must exhaust his remedy at law before a bill of this kind will lie. Thus, in National Tube Works Co. v. Ballou, 146 U. S. 517, 13 S. Ct. 165, 36 L. Ed. 1070, the creditor had recovered a judgment in the state courts of Connecticut and an execution had been returned unsatisfied before filing the bill against the stockholder in the federal court in New York, but the bill was dismissed upon the ground that no judgment had been recovered against the corporation in the state where the suit was brought. In affirming the decree of dismissal, the Supreme Court said:

"The bill in the present case is defective in that respect. It alleges only the recovery of a judgment against the corporation in Connecticut, and the issuing and return there of an execution unsatisfied. It does not allege any judgment in New York or any effort to obtain one, nor does it aver that it is impossible to obtain one. It alleges merely that the corporation has no fund or assets wherewith to pay the claim of the plaintiff.

"Where it is sought by equitable process to reach equitable interests of a debtor, the bill, unless otherwise provided by statute, must set forth a judgment in the jurisdiction where the suit in equity is brought, the issuing of an execution thereon, and its return unsatisfied, or must make allegations showing that it is impossible to obtain such a judgment in any court within such jurisdiction."

The appellee attempted to bring himself within this rule by alleging that it was impossible to obtain a judgment against the corporation in the state of California because the corporation had no status there, and because no court within that state had jurisdiction over it; but these allegations were mere conclusions of law, and even the legal conclusions were not supported by any facts on the trial, as there was no attempt to prove that process could not have been served on some officer or agent of the corporation in the state of California. For these reasons there was a failure of both allegation and proof tending to show that the appellee had exhausted his legal remedies.

As a general rule, no doubt, the corporation is a necessary and indispensable party to a suit of this kind, but there are exceptions to the rule, as where the corporation has been adjudicated a bankrupt, or has been dissolved. And we think there is a further exception where it is impossible to make the corporation a party to the creditor's bill and the only relief sought is a personal decree against the stockholder on his several liability. The corporation was not made a party in the Ballou Case, and the complaint was not deemed defective upon that ground. In Walser v. Seligman (C. C.) 13 F. 415, referred to by the court, with apparent approval, in the Ballou Case, the corporation was not made a party, and the court held that it was not an indispensable one where it could not be made such in the local jurisdiction. On principle it would seem that whatever will excuse a plaintiff from obtaining a judgment against the corporation in the local jurisdiction will likewise excuse him from making the corporation a party to the creditor's bill in that jurisdiction.

As already stated, the only relief sought against the stockholder was a personal judgment on his several liability, and in such a case other creditors were not necessary parties. Hatch v. Dana, 101 U. S. 205, 25 L. Ed. 885.

It is next contended that the appellant is not liable on the subscription because he subscribed as trustee only. But where, as here, there is no cestui que trust, there can be no trustee, and the subscriber is personally bound. Cook on Corporations (8th Ed.) § 68. Nor do we see any merit in the claim that the subscription was otherwise conditional.

The statute of Idaho provides: "The liability of such stockholder is determined by the amount of stock or shares owned by him at the time the debt or liability was incurred by the corporation, and such liability is not released or discharged by any subsequent

transfer of stock." Idaho Compiled Statutes 1919, § 4728. The complaint in this case averred, on information and belief, that the appellant was a subscriber to the stock at the time the indebtedness to the appellee was incurred, but this was a mere legal conclusion. The complaint should state facts such as would enable the court to say as a matter of law when the indebtedness was incurred. Furthermore, the defect in the complaint was not supplied by the proof, because the evidence was equally silent on that important question.

It is lastly contended that the cause of action is barred by the statute of limitations, but there is a manifest inconsistency in claiming that no cause of action in equity accrued because the appellee had not exhausted his remedy at law and a claim that that cause of action is barred by the statute of limitations. On the present record we deem it unnecessary to consider what particular statute of limitations is controlling or when the cause of action accrued.

The appellee having elected to proceed in equity, it was incumbent on him to bring his case within the established rules governing that tribunal, and in this he has utterly failed.

The decree of the court below is therefore reversed and the cause is remanded, with leave to amend the complaint and to move for a transfer of the cause to the law side of the court if the appellee is so advised. 28 USCA § 397; Flash v. Conn, 109 U. S. 371, 3 S. Ct. 263, 27 L. Ed. 966.