## ALBERT M. MEINTS

### *v.*

### EAST ST. LOUIS CO-OPERATIVE RAIL MILL CO., use, etc.

GARNISHMENT—*stockholder owing on calls.* It seems a stockholder in an incorporated company, who owes the company for unpaid stock, upon which a call has been made and notice given, is liable to be garnisheed on a judgment recovered against the company.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. THOMAS QUICK, and Mr. LUKE H. HITE, for the appellant.

Messrs. FREELS & RAFTER, Mr. W. H. BENNETT, and Mr. WILLIAM C. ELLISON, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This is an appeal from the judgment of the circuit court of St. Clair county, rendered in favor of the East St. Louis Co-operative Rail Mill Company, for the use of Maurice F. Tissier, and against Albert M. Meints, defendant. The facts are, substantially, these: Maurice F. Tissier obtained a judgment, before a justice of the peace of St. Clair county, against the rail mill company, for one hundred and three dollars and twenty-five cents, and costs of suit. The appellant, Meints, was summoned as garnishee, and personally served with process. Meints answered to the proceeding, the cause was duly heard,.

and judgment was rendered against Meints for one hundred and twenty dollars and fifty cents, being the amount of the judgment against the rail mill company, *plus* the costs of suit.

Meints appealed to the circuit court, and the cause was there tried, resulting in a verdict for the same amount. A motion for a new trial was denied, and judgment rendered against Meints for one hundred and twenty dollars, and costs; and Meints, on this appeal to this court, insists that the verdict was contrary to the law and the evidence; that the court gave improper instructions for the plaintiff, and refused proper instructions for defendant; that the court excluded proper evidence on the part of the defendant, and admitted improper evidence on behalf of plaintiff, and because of newly discovered evidence. This last point is not pressed upon the attention of the court. As to the other points, it seems that the action against appellant was based upon the alleged fact that he was a stockholder in this rail mill company, and that is the principal question in the case—was he such stockholder?

There is some conflict in the testimony. Appellant averred, under oath, that he had purchased twenty shares of the stock from one Knight, on which Knight had paid about four hundred and thirteen dollars, for which he paid Knight fifty dollars in money, and his note, payable in four months. He also bought some stock from the Ferris', but did not tell either of these parties that he was buying on account of another person. Appellant claims that he purchased these shares for and on account of M. V. Smith, the general superintendent of the company, who did not wish it to be known that he was purchasing the stock.

Smith's testimony was received, and he stated there was an understanding among the stockholders that their custom and trade should be confined to their own members; that orders should be issued to the men, on members of the company who were in any kind of business—such as the grocery business. Mr. Joyce was a director, and had a grocery store; and they were issuing orders to their men, on Joyce, for groceries. This

was carried on till complaint was made that Joyce was charging too much. The men wanted orders on other stores. They did give some orders on other stores, but it was stopped by Joyce. He then went to appellant, and asked him to become a stockholder. He wanted him to take enough stock to issue orders on him. Appellant consented to purchase stock, and consented to have the stock he had purchased transferred on the books of the company, which was done, and orders were issued on him, and he accepted them. Smith further testified that Patrick Ferris, who owned five shares of stock, requested witness to have his shares transferred on the books to appellant, who had purchased them.

Mr. Millard, the secretary of the company, testified from the records of the proceedings of the board of directors, directing him to procure a stock ledger, from which it appeared that C. Ferris had one share of stock, Patrick Ferris five shares, and William Knight twenty shares. The same record showed the consent to the transfer on the books of the company to Meints, the appellant. This ledger also showed the state of appellant's account after these transfers had been made. It also shows there was a call on the stockholders for fifty dollars on each share of stock, of which appellant was duly notified. Appellant then went to Smith, telling him he wanted a settlement, and said to Smith that the company had called in the amount due on the stock, and he did not want to be bothered with it any more; that Smith refused to take the stock off his hands. It appears, subsequent to this, appellant requested Smith to have his shares reduced to paid up shares.

There was testimony tending to support appellant's version of the transaction, and presented a fair case for the determination of a jury, and we do not think they have found against the preponderance of the evidence; and so it may be said there was conflict as to Meints agreeing to a transfer of this stock to him on the books of the company. There was a good reason why appellant should be a stockholder, as it was a co-operative association, and he was a grocery merchant.

Upon all these contested and conflicting points, the jury were the proper judges of the real fact, and we see no cause for disturbing their verdict.

We do not perceive, in view of the facts in this record, any substantial objection to the instructions given on behalf of appellee, of which appellant complains.

Perceiving no error in the record, the judgment must be affirmed.

*Judgment affirmed.*