Robert M. Parks, Appellant, *v.* Frederick Heman, Respondent.

March 11, 1879.

1. There can be no recovery against a stockholder as garnishee of a corporation unless there is evidence that some one exercising the powers of the corporation had made a legal call upon the stockholder for unpaid stock.

2. In pleading conditions imposed by law, an allegation of due performance thereof does not tender an issue of fact. The rules respecting the mode of pleading conditions precedent are not substantially changed by the Code.

3. A statement, in the denial of the garnishee's answer, that a call for payment of stock had been duly made, is not admitted by failure to reply.

4. When a case has been tried as if a reply had been filed, and as if the issues tried were properly made by the pleadings, the allegations in the answer will, after verdict, be treated as if formally denied.

Appeal from St. Louis Circuit Court.

*Affirmed.*

Cline, Jamison & Day, for appellant, cited: *McDermott* v. *Donegan*, 44 Mo. 85; *Smith* v. *Heidecker*, 38 Mo. 156; *Funkhouser* v. *Eveland*, 3 Mo. App. 602; Wag. Stats., p. 666, sect. 17, p. 1019, sect. 36.

Broadhead, Slayback & Haeussler, for respondent.

Bakewell, J., delivered the opinion of the court.

On a judgment obtained by plaintiff against the St. Louis Sanitary Slaughtering Company, execution was issued, and on this execution Heman was, as plaintiff claims, summoned as garnishee. Heman claims that he was not legally summoned. Without waiving the question as to the summons, the garnishee answered interrogatories. The substance of his answer is, that he was not legally summoned; that he owes nothing to the corporation defendant, except as stated in his answers to the fourth and fifth interrogatories, to which he excepts on the ground that plaintiff has no right to ask the questions involved. To these interrogatories he answers that he subscribed to five shares of the capital stock of de-

fendant, of the par value of $500, upon which he paid part before plaintiff's judgment; and that he had, at the time of answering, paid his full subscription, having been compelled on April 6, 1877, to pay $250 and interest, the balance of his subscription in full, by virtue of proceedings under the statute by one Wangler against him as a stockholder of the corporation, and having obtained an order of execution against Heman as a stockholder. Otherwise, the garnishee says, he is not indebted to the corporation.

Plaintiff denied the answer of the garnishee, and in his denial says that the garnishee, when summoned, owed the corporation $355 on his stock; that he subscribed to stock to the amount of $500; that the corporation duly made calls and required all the stockholders to pay the full amount subscribed, and duly made a call on Heman to pay his full subscription; that he paid $150 on account and failed to pay the balance of his subscription, which he still owes to the corporation; and that the Wangler proceeding was not begun until after Heman was summoned as garnishee.

The testimony as to calls and assessment of the stockholders was that of Boland, who swore that he was secretary of the company in 1874 and its book-keeper in 1875; that, at different times, all the stock of the corporation was called in, in instalments of twenty-five per cent; that he made demands on the stockholders for payment of the balance of their stock; that he made demand on Heman for $350, the balance due on said stock for $500 subscribed by him, which he refused to pay, saying he wanted the others to pay something.

The court refused to declare the law to be that if Heman subscribed for $500 stock, and paid $150 on account, and the board called in all the stock, and the balance of $350 was demanded of Heman, and Heman was summoned as garnishee, etc., and at the time owed the said amount of $350, plaintiff is entitled to the same. But the court declared the law to be that if Heman subscribed $500 stock

in the corporation, and paid $125 on account, and the board duly and legally called in all of said stock, and the balance of $375 was demanded of Heman, and Heman was summoned as garnishee, etc., and at that time owed the amount, then plaintiff is entitled to the same. The court then found for the garnishee, and rendered judgment accordingly ; from which plaintiff appeals.

This action of the court was a declaration that there was no sufficient evidence that any legal call was made upon Heman by the corporation, and that, in the absence of such evidence, plaintiff could not recover. In this there was no error. The plaintiff in this case could only recover on such evidence or such admissions as would have enabled the corporation to recover against the stockholder. If it be conceded that the corporation could have recovered against the stockholder at all, it cannot, at any rate, be denied that, in order to a recovery by the corporation in an action against the stockholder, it must have appeared, as a condition precedent to a recovery, that somebody exercising the powers of the corporation had required the stockholder to pay the amount subscribed by him, in such manner and in such instalments as may be required by the by-laws. Wag. Stats. 291, sect. 16.

It is not necessary to determine that evidence of such action would have enabled the corporation to recover against a stockholder in default. What we do say is, that without such evidence there could be no recovery against the stockholder by the corporation, and à fortiori there could be none by plaintiff. There was no such evidence in the present case, and judgment on the answer, admissions, and testimony was necessarily for the garnishee.

It is contended that the pleadings admit a sufficient call upon the stockholder. The denial of the answer, it is true, avers " that said corporation duly made calls, and required all of the stockholders to pay the full amount subscribed ; that said corporation duly made a call on said

defendant for time (*sic*) to pay the said sum of $500 subscribed by him aforesaid.'' But this was not matter requiring a reply. Whether calls were duly made or not is a legal conclusion, not the statement of a fact. Facts showing a call should have been stated, — not, of course, circumstances, which are mere evidence, but facts to enable the court to see whether a valid call had been made, — if the garnishee is to be concluded by an admission for want of a reply.

In the case before us, in answer to the special interrogatories as to whether the garnishee subscribed stock to the company, how much he subscribed, whether he had paid the amount, when, and to whom, the garnishee admitted his subscription, stated the amount, and said that he had paid in full, partly by payment to the company, partly by compulsory payment by virtue of proceedings under the statute concerning corporations (Wag. Stats. 291, sect. 13), to an execution creditor. A denial is filed, if it be so called, by which it is not attempted to call in question the material facts submitted by the answer of the garnishee, but by which an attempt is made to raise the question of law as to whether the payment under the statute, having been subsequent to the present attachment, was compulsory, and a discharge of the garnishee. All the material facts stated in the answer of the garnishee were admitted by a stipulation in writing, signed by counsel on either side, and filed before the case was tried. This stipulation left as the only questions in the case the sufficiency of the summons, and the question as to whether there had been a legal call upon the stockholder by the company, and whether an indebtedness of a stockholder to the company for unpaid stock can, in any case, be reached in Missouri by garnishment.

Where the plaintiff traverses the answer of the garnishee, and proceeds specially to plead such facts as show the garnishee to be liable, the facts thus stated should be set out as fully as if the defendant in execution were suing the gar-

nishee. When this is done, an issue of fact is made upon the reply to the traverse, and the issues are ordinarily thus made up ; though, if the plaintiff sets forth in his interrogatories the facts on which he charges the garnishee, the pleadings may be shortened, and an issue made up without a reply.

If the defendant corporation had been suing the garnishee in the present case, it must have pleaded the performance of the condition precedent of a call upon the stockholder ; and a general averment would not have been sufficient. Steph. Pl. 334. Nor is the rule of common-law pleading in this respect changed by the Code. It is not necessary under the Code (Wag. Stats. 1020, sect. 42), in pleading the performance of a condition precedent under a contract, to state the facts showing performance ; but it may be stated generally that the party duly performed all the conditions on his part ; because in suing on a contract with express conditions, these conditions are necessarily set out, and when performance in general terms is averred, the pleading shows precisely what is done, without unnecessary repetition. But the clause of the Code refers to contracts, and to such conditions only as are expressed in them. The rules respecting the mode of setting forth the performance of conditions precedent are not substantially changed by the Code. *Hatch* v. *Peet*, 23 Barb. 575 ; *Harbison* v. *Bank*, 28 Ind. 133 ; *Jaccard* v. *Anderson*, 32 Mo. 188 ; 52 Mo. 333. In pleading conditions imposed by law, to say that plaintiff has duly performed all conditions on his part, tenders no issue of fact.

But were the case otherwise, the total omission of a pleading may be cured by verdict ; and where a cause has been tried as if a reply had been filed, the allegations in the answer will, after verdict, where the trial has proceeded as if the issues really tried were properly joined, be deemed to have been formally denied. *McAllister* v. *Howell*, 42 Ind. 15 ; *Henslee* v. *Cannefax*, 49 Mo. 296.

As these considerations dispose of the case, it is unneces-. sary to examine whether the money due by a stockholder to a corporation can in Missouri be reached by garnishment, or whether there was in this case such service of process as would hold the property which it was sought, in this proceeding, to reach.

No error having been committed to the prejudice of the appellant, the judgment should be affirmed.    It is so ordered.    All the judges concur.