JOSEPH F. LEUCKE *et al.*, Respondents, v. DWIGHT
TREDWAY *et al.*, Appellants.

St. Louis Court of Appeals, May 19, 1891.

1.  **Corporations:** REMEDY AGAINST STOCKHOLDER : CONFLICT CF
    LAWS. The liability of a stockholder for unpaid stock rests upon
    contract and hence is enforceable everywhere. When a creditor of
    an insolvent corporation sues a stockholder to enforce that liability
    in a different jurisdiction than that in which the corporation was
    incorporated, the law of the domicile of the corporation governs
    in respect to the right of recovery, but the remedy is determined
    by the law of the forum ; nor will a special remedy against stock-
    holders, given by law of the domicile of the corporation, be trans-
    ported into another state for the purpose of applying it against a
    stockholder found there.

2.  —— : ——. A proceeding in equity in the nature of a credi-
    tor's bill is the proper proceeding, if a creditor of an insolvent
    foreign corporation desires to enforce in this state the liability of a
    shareholder on shares of the corporation which have not been paid
    in full.

3.  —— : —— : PLEADING. If such a proceeding in equity be insti-
    tuted, the defense, that there is an adequate remedy at law, must
    be pleaded ; otherwise it cannot be made on appeal. The objec-
    tion to a misjoinder or non-joinder of parties defendant is waived,
    unless taken by demurrer or answer.

4.  —— : —— : PARTIES. In such proceeding in equity the action
    may be against several of the shareholders to subject the liability
    of each ; indeed, the general rule is that the action should be
    against all the shareholders within the jurisdiction. But *held
    arguendo*, that at law each shareholder must be sued separately.

5.  —— : —— : ——. The general rule also is that in such a
    proceeding in equity the corporation must be made a party · but
    whether this rule applies after judgment against the corporation
    in favor of the creditor who sues, or where the corporation is not
    subject to the process of the court, is not determined.

6.  —— : —— : FORM OF JUDGMENT. Where such a proceeding is
    against more than one shareholder, the judgment is in proper
    form, if it ascertains the amount due to the plaintiff, and assesses
    the same against the shareholders ratably, with the proviso that
    the shareholders who are solvent must, to the extent of their
    liability, make up the deficiencies caused by the failure of those
    who are insolvent to respond.

| 45 | 507 |
| 59 | 35 |
| 45 | 507 |
| 68 | 253 |
| 71 | 661 |
| 45 | 507 |
| 143m118 | |
| 143m132 | |
| 73 | 35 |
| 45 | 507 |
| 90 | 578 |

7. ———— : PAYMENT OF STOCK. It is beyond the power of a corpora-ation to issue stock at less than its par value in money or property, and, where it does so issue its shares, the taker of them is liable, in a proceeding by or on behalf of creditors, to make good the differ-ence between their par value and what he actually gives for them. If an exception to the rule is claimed in any particular case, the party claiming it must put his hand upon some statute authorizing the corporation so to deal with its shares.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED.

*Chas. F. Joy*, for appellants.

*John M. Dickson*, for respondents.

THOMPSON, J.—This is a suit in the nature of a bill in equity by a judgment creditor of a corporation, created under the law of Illinois, against two of its stockholders domiciled in this state, to charge them in respect of their liability for what is unpaid on their shares, in so far as it is necessary so to do in order to satisfy the plaintiffs' judgment. The petition pleads the incorporation of the defendant; alleges that the defendant, Dwight Tredway, is the owner of five hundred shares of it, and that the defendant, Manning Tredway, is the owner of two hundred shares thereof, and that ninety-five per cent. upon said stock remains unpaid to the corporation ; avers the recovery by the plaintiffs of a judgment against the corporation in the sum of $286.18, and that execution was issued thereon and returned *nulla bona ;* and then pleads the following statute of the state of Iillnois:

" Every assignment or transfer of stocks, on which there remains any portion unpaid, shall be recorded in the office of the recorder of deeds of the county within which the principal office is located, and each stock-holder shall be liable for the debts of the corporation to

Leucke v. Tredway.

the extent of the amount that may be unpaid upon the stock held by him, to be collected in the manner herein provided. No assignor of stocks shall be released from any such indebtedness by reason of any assignment of his stock, but shall remain liable therefor jointly with the assignee until the said stock be fully paid. Whenever any action is brought to recover any indebtedness against the corporation, it shall be competent to proceed against any one or more stockholders at the same time to the extent of the balance unpaid by such stockholders upon the stock owned by them, respectively, whether called in or not, as in cases of garnishment. Every assignee or transferee of stock shall be liable to the company for the amount unpaid thereon, to the extent and in the same manner as if he had been the original subscriber."

The petition ends by a prayer for judgment against the defendants for so much of the balance unpaid on their shares as is necessary to satisfy the plaintiffs' judgment and costs.

The cause went to a hearing before the judge sitting as a chancellor, who made the following finding and decree:

"Now at this day, this cause coming on for hearing, said parties come by their respective attorneys, and submit said cause to the court upon the evidence and proofs adduced, and the court, having heard the same, and being fully advised concerning the premises, does find as follows, to-wit: *First.* That the plaintiffs recovered a judgment in this court (room 5) on the fifteenth of May, 1889, for the sum of $286.18, and costs, amounting to $19.60, against the Wilson Car Warming & Ventilating Company, with interest upon said judgment at the rate of seven per cent. per annum. *Second.* That execution issued thereunder, and was returned *nulla bona*, and said judgment remains unsatisfied. *Third.* That the Wilson Car Warming & Ventilating Company is, and was, a corporation organized

under the laws of Illinois, relating to corporations for pecuniary profit, being chapter 32, Revised Statutes of Illinois; that its authorized capital stock was, and is, $500,000, divided into ten thousand shares of $50 each; that defendant, Dwight Tredway, is the owner of five hundred shares of said capital stock, and defendant, Manning Tredway, of two hundred shares thereof; that a balance of at least fifty per cent. of the nominal value of the shares of said Dwight and Manning Tredway remain unpaid; that is, the sum of $12,500 by defendant, Dwight Tredway, and the sum of $5,000 by defendant, Manning Tredway. *Fourth.* That section 8 of chapter 32, Revised Statutes of Illinois, relating to corporations, among other things provides that, whenever any action is brought to recover any indebtedness against the corporation, it shall be competent to proceed against any one or more stockholders at the same time to the extent of the balance unpaid, as in cases of garnishment. Every assignee or transferee of stock shall be liable to the company for the amount unpaid thereon to the extent and in the same manner as if he had been the original subscriber. *Fifth.* That said Wilson Car Warming & Ventilating Company has ceased active business, abandoned its organization, and has no property, real or personal, subject to execution. *Sixth.* That there is now due to plaintiff on account of said judgment the sum of $307.50, and $19.60 for costs, making a total amount now due of $327.10.

"Wherefore it is ordered, adjudged and decreed that the defendants, out of the respective sums so found to be remaining unpaid upon the said shares of stock, shall pay in proportion to their respective holdings the amount found to be due herein by said company to the plaintiff, namely the sum of $327.10, defendant Dwight Tredway's proportion being the sum of $233.65, and defendant Manning Tredway's proportion being the sum of $93.66, and their proportional shares of the costs hereof. And in case either of said defendants fail to

pay his proportion of said judgment and costs, or the same cannot be made by execution issued hereunder, then the other shall pay the whole of said sum of $327.10, and the costs of this proceeding, and that execution issue in conformity with this decree."

The defendants, appealing, assign for error. *First.* That the remedy in this cause is not in equity. *Second.* That under the statutes of Illinois governing this proceeding the remedy is by garnishment. *Third.* That the defendants cannot be joined in the same action. *Fourth.* That there has been a misjoinder of parties, and that there is a defect of parties. *Fifth.* That the evidence does not support the judgment. *Sixth.* That the judgment is one which could not properly have been rendered under the pleadings. There were other assignments of error, but they are subordinate to these six. In our judgment, none of these assignments of error are well taken.

In the view which we take of the case, it is not necessary to inquire what the remedy of the plaintiffs in this case would be under the law of Illinois. An examination of the decisions in that state will make it appear that three remedies have been successfully resorted to against stockholders of insolvent corporations by their creditors. *First.* The process of garnishment, which the defendant contends is the only remedy in this case. *Coalfield v. Peck*, 98 Ill 139. It has been held in that state that this remedy is only available to the creditor where a *call* has been made by the directors, so that something is presently due from the stockholder for which the company could sue. *Meints v. Mill Co.*, 89 Ill. 48. And this is the law of Missouri (*Parks v. Heman*, 7 Mo. App. 14; *Hannah v. Bank*, 67 Mo. 678), and the general law (*Brown v. Ins. Co.*, 3 La. Ann. 177, 183), the governing principle being that the judgment creditor, so far as the use of this process is concerned, succeeds only to the rights of the company, and that whatever would defeat a

Leucke v. Tredway.

recovery by the company will defeat a creditor in such a proceeding. *McDermott v. Donegan*, 44 Mo. 85. *Second.* It has long been the law in Illinois that a creditor of a corporation can maintain a direct action at law against a stockholder as upon an implied promise to enforce a superadded individual liability to creditors created by statute, the corporation being insolvent; for this purpose a single creditor may sue a single stockholder. *Culver v. Bank*, 64 Ill. 528, 538; *Buchanan v. Meisser*, 105 Ill. 638, and *Thompson v. Meisser*, 108 Ill. 359, and many intermediate cases. But we are not considering these cases, because this is not the kind of liability which the plaintiff seeks to enforce in this case. *Third.* In Illinois the system of chancery procedure which we have inherited from England is understood to be in full blossom, and the supreme court of that state concurs with numberless decisions in other American jurisdictions in holding that a suit in equity is an appropriate proceeding by a judgment creditor of a corporation to sequester enough of what is due to it from its shareholders in respect of their holdings of its stock to satisfy his judgment, interest and costs. *Hickling v. Wilson*, 104 Ill. 54; *Rounds v. McCormick*, 114 Ill. 252. And that court has often held that equity is an appropriate forum for the enforcement of an individual statutory liability. *Queenan v. Palmer*, 117 Ill. 619; *Tunesma v. Schuttler*, 114 Ill. 156; *Eames v. Dories*, 102 Ill. 350.

It thus appears that, even if we were to adopt the defendants' view, that the remedy to be applied in this case is that prescribed by the law of Illinois, their conclusion would not follow, since that law gives the remedy by a bill in equity equally with the remedy by garnishment. But this is not a case where our courts are bound to pursue the remedy prescribed by the law of Illinois. It is a well-understood principle that, where a statute *creates a right* and gives a remedy, that remedy is exclusive. We need not consider

whether this rule would import a statutory remedy into a foreign jurisdiction and make it the only remedy there, because that is not this case. Here the right is not created by statute, but rests in contract merely, and, hence, it is a right which is enforceable everywhere. *Mann v. Cook*, 20 Conn. 178. In such a case, where the action is brought in a jurisdiction foreign to the domicile of the corporation, the rule is that the law of the domicile of the corporation governs in respect of the *right* of recovery ( *Glenn v. Liggett*, 135 U. S. 533; *Deadwood First Nat. Bank v. Gustin-Minerva, etc., Co.*, 44 N. W. Rep. 198; s. c., 6 L. R. A. 676; *Merrimac Mining Co. v. Levy*, 54 Pa. St. 227; s. c., 93 Am. Dec. 697 ); but that the *remedy* which is applied is that given by the law of the forum. *Deadwood First Nat. Bank v. Gustin-Minerva Co.*, *supra*. Nor will a *special remedy* against stockholders, given by the law of the domicile of the corporation, be transported into another state for the purpose of applying it against a stockholder found there. *May v. Black*, 45 N. W. Rep. ( Wis.) 949.

We must, therefore, look primarily to the law of Missouri to determine what remedy should be applied in this case. The principle that equity is the proper forum for a creditor of the corporation in such a case is recognized in *Foster v. Mill Co.*, 92 Mo. 79. But we need not go further than to say that the decision of our supreme court in *Shickle v. Watts*, 94 Mo. 410, is authority for nearly all that the circuit court decided in the case before us. In that case the plaintiff had recovered judgments in Illinois against a corporation domiciled there, and brought a suit in equity against a stockholder domiciled here to charge him in respect of what was unpaid on his shares, and the action was sustained, and a judgment against the stockholder affirmed. The supreme court held (p. 418), that a proceeding in the nature of a creditor's bill in equity is the proper proceeding in such a case. It

also held (p. 419), that the stockholder having failed to *plead* that the plaintiffs had an adequate remedy at law could not raise the point at a later stage of the case, citing to this point *Blair v. Railroad*, 89 Mo. 383. This holding is quite applicable to the case we are considering, and cuts out the whole contention that the proper remedy is by garnishment; since the only answer was a general denial.

This suggestion also disposes of the objection urged by the defendant as to parties defendant. This objection is, first, that there is a misjoinder of parties; that, the liability of stockholders being several, each stockholder should be proceeded against separately. Waiving the question whether this objection has been properly raised, we observe that the rule declared in this state in *Perry v. Turner*, 55 Mo. 418, that each stockholder must be separately sued, is only applicable to cases at law, and it proceeds upon the well-known ground that each contract of subscription to the stock of the corporation is a separate contract; that each subscriber assumes a separate obligation, and may have a separate defense; and that the modes of procedure in the legal forum are not flexible enough to admit of the joining in one action of several defendants whose liability, if any exists, arises on separate and distinct undertakings. In holding that several stockholders cannot be joined in an action at law, our supreme court has declared an obvious rule, which has been declared and acted upon in many other jurisdictions. *Crease v. Babcock*, 10 Met. (Mass.) 525; *Paine v. Stewart*, 33 Conn. 516; *Pettibone v. McGraw*, 6 Mich. 441; *Hollister v. Bank*, 27 N. Y. 393; *Shafer v. Moriarty*, 46 Ind. 9; *Abbey v. Dry Goods Co.*, 24 Pac. Rep. (Kan.) 426.

But this rule does not apply to proceedings in equity; because the object of such a proceeding is more extensive than that of an action at law; its object is not merely to satisfy the creditor or creditors who prosecute the action, but also to adjust the equities of

the stockholders as among themselves, thus doing, as far as possible, complete justice to all parties. Therefore, the general rule is that an action in equity should be brought against all the shareholders within the jurisdiction. Thomp. Stockh., sec. 353, and cases there cited ; *Curran v. Bradner*, 27 Ill. App. 582 ; *VonGlahn v. Harris*, 73 N. C. 323 ; *Dunston v. Hop-Tonic Co.*, 47 N. W. Rep. (Mich.) 322 ; *Terry v. Martin*, 10 S. C. 263 ; *Wellington v. Ins. Co.*, 52 Hun, 408. In the equity forum the question never is whether too *many*, but always is whether too *few*, have been impleaded. Considering that this is a suit in equity, this objection is unavailing. But the error, if it were one, would be without prejudice, because the court has apportioned the liability between two defendants ; and surely neither one of them ought to be heard to complain in a court of justice that he was not compelled to pay all.

Then, as to the objection that the corporation was not joined as a defendant. The general rule unquestionably is, in proceedings of this nature in equity, that the corporation must be joined. Thomp. Stockh., sec. 360, and cases cited ; *Wetherbee v. Baker*, 35 N. J. Eq. 501 ; *Swan Land, etc., Co. v. Frank*, 39 Fed. Rep. 456. Though it has been held that, where a judgment has been previously obtained against a corporation ( which is the case before us ), it is not necessary for it to be impleaded in a supplemental action against the stockholder, since no further relief is sought against it. *Nolan v. Hazen*, 47 N. W. Rep. ( Minn.) 155. Whether the general rule which requires the corporation to be made a defendant in a creditor's bill against its stockholders applies in the case of a foreign corporation, we need not consider, because here the corporation seems to have had its principal office in St. Louis ; the plaintiff's judgment at law was obtained against it here ; and there was no obstacle to joining it, if it had been deemed necessary. But we observe that this defect of parties, if it were one, was not raised in any appropriate

method in the court below. If it had been so raised
and had been thought serious, it could have been obvi-
ated by amending the petition and bringing in the cor-
poration. In all jurisdictions, and in all forms of
proceeding against stockholders, the rulings are that
the objection for want of necessary parties must be
specially raised in some form of *pleading;* in a suit in
equity, by *plea or answer* (*Essex Co. v. Machine Shop,*
10 Allen, 352); in an action at common law, by *plea
in abatement* (*Allen v. Sewall,* 2 Wend. 327); under
civil code of Louisiana by *exception or plea* (*Reynolds
v. Steamboat Co.,* 17 La. 397, 407); and, under the New
York and Wisconsin codes of procedure, *by demurrer
or answer* (*Strong v. Wheaton,* 38 Barb. 616; *Arthur
v. Willins,* 46 N. W. Rep. (Minn.) 851). Such is the
rule under our code of procedure (R. S. 1889, secs.
2043, 2047), under which an objection for defect of
parties is waived, if not taken by demurrer or answer.
*Michael v. Ins. Co.,* 17 Mo. App. 23; *Hagar v. Graves,*
25 Mo. App. 164; *Pike v. Martindale,* 91 Mo. 268.
The rule extends even to the objection that there has
been a misjoinder of parties, and in this case reaches to
the objection that these defendants were improperly
joined (*Anderson v. McPike,* 41 Mo. App. 328; *Taber
v. Wilson,* 34 Mo. App. 89), which objection we have,
however, preferred to dispose of on its merits.

The assignment of error, which challenges the cor-
rectness of the court's conclusion on the facts, is plainly
untenable. The evidence shows that the capital stock
of the company was fixed at $500,000, divided into ten
thousand shares of $50 each, and that ninety-nine hun-
dred and ninety-four shares were originally issued to
Mr. Wilson, one of the original corporators, in consid-
eration of the transfer by him to the corporation of a
patent right for heating and ventilating railway cars.
The details of this transaction are not given; but his
name appears upon the original paper, which went to
the secretary of state for the purpose of procuring the

certificate of incorporation, as a subscriber for the number of shares above stated, the rest being subscribed by six different persons each one taking a share. Nearly all the evidence adduced at the hearing in the circuit court was directed to the question of the value of this patent right. We find from this evidence that it had no substantial market or other value at the time of the transaction, but that whatever value it had was conjectural and problematical, depending upon what might be done with it under proper management. In point of fact it was sold at sheriff's sale, under a judgment against the corporation, for less than $100. A portion of this stock passed into the hands of one Kerr, who held it as trustee for the corporation, but how much of the stock passed into his hands, or upon what particular condition, the evidence fails to show. There is, however, no evidence that any consideration passed from Kerr to the corporation for the shares, or that Kerr acquired any interest in them, but the evidence is that he held them as trustee for the corporation; and we must conclude that they were so many unissued shares belonging to the corporation, vested by the corporation in its trustee for greater convenience in disposing of them, in short, that they were what is commonly known as "treasury stock." With the exception of one share originally subscribed for by the defendant, Manning Tredway, and paid for by him in full, all the shares acquired by the defendant, Manning Tredway, and his brother and codefendant, Dwight Tredway, were transferred to them as paid-up shares by Kerr, as trustee for the corporation, at the price of $12.50 per share, which was one-fourth of their par value. We, therefore, find from the evidence that, with the exception of this one share, the defendants purchased their shares from the company itself, and paid for them but one-fourth of their nominal or par value.

The general rule of law is that it is beyond the power of a corporation to issue its stock at less than its

par value, and that, where it does so issue its shares, the taker of them is liable in a proceeding by or on behalf of creditors, to make good the difference between their par value and what he actually gives for them. *Chouteau v. Dean*, 7 Mo. App. 210; *Kehlor v. Lademann*, 11 Mo. App. 550; *Williams v. Evans*, 87 Ala. 725; *Sturges v. Stetson*, 1 Biss. (U. S.) 246; *Upton v. Jackson*, 1 Flipp. (U. S.) 413. If an exception to this rule is claimed in any particular case, the party claiming the exception must put his hand upon some statute authorizing the corporation so to deal with its shares. As no statute of Illinois has been proved, authorizing a corporation to issue its shares for less than their par value in money, we conclude that the law of Illinois in this respect is the same as the law of Missouri and the general law; and we are confirmed in this conclusion by an examination of a decision of the supreme court of that state. *Union Mutual Life Ins. Co. v. Frear, etc., Co.*, 97 Ill. 537; s. c., 37 Am. Rep. 129. But we need not enlarge upon this proposition; for decisions almost without number could be accumulated in support of the conclusion, that a corporation has no power to issue its shares in the first instance, except for their full value either in money or in property, or, as is sometimes said, "in money or in money's worth." The finding of the circuit court, that at least fifty per cent. of the nominal value of the shares held by the defendants remains unpaid, is, therefore, clearly within the evidence.

We must likewise overrule the assignment that the judgment is one, which could not properly have been rendered under the pleadings. The judgment ascertains the amount due, and apportions it between the two defendants in proportion to their respective holdings, and provides that, if satisfaction cannot be had against either, the other shall make up his deficiency. This is in accordance with the principle on which courts of equity proceed in such cases; the shareholders are assessed ratably to make up the sum required to be

raised, but with the proviso that the shareholders who are solvent must, to the extent of their liability, make up the deficiencies caused by the failure of the insolvents to respond. *Erickson v. Nesmith*, 46 N. H. 371; *Hodges v. Mining Co.*, 9 Or. 200; *Perkins v. Sanders*, 56 Miss. 733; *Munger v. Jacobson*, 99 Ill. 349; *Godfrey v. Terry*, 97 U. S. 171, 176, 177.

The judgment will be affirmed. It is so ordered. All the judges concur.