THE STANDARD MATRIX MACHINE COMPANY, Respondent, v. WILLIAM C. HILLS, Appellant.

St. Louis Court of Appeals, January 5, 1897. Motion for Rehearing Overruled.

1. Corporation, Foreign: SUIT FOR PRICE OF STOCK: PLEA, FRAUDULENT REPRESENTATIONS: EVIDENCE: LIABILITY OF PURCHASER. In a suit by an Illinois corporation, authorized to do business in Missouri, for the price of certain shares of its capital stock, donated to plaintiff by the original holders, and sold and transferred to defendant at less than its par value, to be full paid and nonassessable, where the defense was that defendant had been induced to make the purchase by fraudulent representations of plaintiff's agents as to its capital stock and assets, and there was evidence tending to show that a certain invention received in payment for the original issuance of such stock had no substantial market value, and was not salable in plaintiff's hands, and there was also evidence tending to show that defendant was fully apprised of the nature and extent of such consideration, and that such stock had been issued, as full paid and nonassessable, to the transferrer of the patent right to such invention so received in payment of plaintiff's stock—*Held:* That such transaction, though not conclusive against the creditors of plaintiff, was conclusive between plaintiff as donee and defendant as purchaser of its stock.

2. ———: CONTRACT, CONSTRUCTION OF: CONTEMPORANEOUS WRITING: EVIDENCE. In such action, where a printed statement, attached to the contract in question, and introduced in evidence, was contemporaneous with and part of the transaction, the court did not err in construing the contract in the light of such statement.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED; Judge BIGGS concurring, Judge BLAND not sitting.

*Henry B. Davis* for appellant.

The court should have given the instruction prayed by defendant at the close of plaintiff's case. *Luecke v. Tredway*, 45 Mo. App. 507, 517; *Kehlor v. Lade-*

*mann*, 11 *Id.* 550; *Williams v. Evans*, 87 Ala. 725; *Sturges v. Stetson*, 1 Biss. (U. S.) 246; *Upton v. Jackson*, 1 Flipp. (U. S.) 413; *Davidson v. Hobson*, 59 Mo. App. 130.

The court erred in refusing instructions 1, 2, 3, asked by defendant. *Union Mut. Life Ins. Co. v. Frear Co.*, 97 Ill. 537, and cases *supra*.

The court erred in amending the instruction number 2, by inserting "as against creditors of said corporation," and then giving it. *Garrett v. Mining Co.*, 113 Mo. 330; *Sheppard v. Drake*, 61 Mo. App. 134; *Bank v. Gallaher*, 43 *Id.* 482, 493; *Howe v. Agricultural Co.*, 46 Ill. App. 85; *Chesholm v. Tomey*, 65 *Id.* 333; *In re Carbon Co.*, 78 *Id.* 460; *Shickle v. Watts*, 94 Mo. 410; *Cleaton v. Emery*, 49 Mo. App. 345.

If instruction number 2, as amended by the court, correctly declares the law, then the verdict should be for defendant.

*Charles H. Brock* and *Willis H. Clark* for respondent.

It is the province of the court to interpret the contract and give to it the evident meaning intended by the parties. *Ellis v. Harrison*, 104 Mo. 279. Even though the literal language can not be followed. 2 Kent, Com. [12 Ed.] 555; Bish. on Con., secs. 256, 380. See, also, *Ellerbe v. Barney*, 119 Mo. 632, 639; *Bent v. Alexander*, 15 Mo. App. 190.

The court did not err in looking to the statements contained in the prospectus attached to the contract, and admitted in evidence without objection. If it had contained any misrepresentations amounting to fraud upon appellant, respondent would certainly have been bound by them. *Rose v. Investment Co.*, L. R. 3 Ch. App. 682.

There is no evidence of fraud in the record, either between the incorporators, directors, or towards third party, and, unless the transaction was fraudulent with intent to deceive, the stock must be held to be full paid, and the transaction *bona fide*. *Brant v. Ehlen*, 59 Md. 1; *State ex rel. v. Wood*, 13 Mo. App. 139.

The various circumstances under which the valuation was made should be considered in determining the *bona fides* of the transaction. *Colt v. Gold Amal.*, 14 Fed. Rep. 12, 119 U. S. 193. See, also, *Carr v. LeFevre*, 27 Pa. St. 413; *Foster v. Seymour*, 23 Fed. Rep. 65.

Respondent complied with laws of state in regard to foreign corporations before trial, which was sufficient. *Carson Rand Co. v. Stern*, 31 S. W. Rep. 772.

If appellant knew, or ought to have known, in what way the stock was paid up, he has no defense, no evidence of misrepresentation being given. *McAleer v. McMurrey*, 58 Pa. St. 126; *Priest v. White*, 34 Albany L. J. 298, citing Big. on Fraud, 87; *Dunn v. White*, 63 Mo. 186.

BOND, J.—The petition alleges that the plaintiff, an Illinois corporation, capitalized for $1,000,000, received a donation of five thousand shares of the par value of $10 each from one of its stockholders to be sold to cover expense of organization, at not less than $1 per share; that defendant purchased five hundred of such shares and agreed to pay therefor $1,000 in installments. Said shares were delivered to defendant, and the time limited for their payment has expired; that he has wholly failed to pay any part of the agreed price, wherefore judgment is prayed for $1,000.

The answer sets up that defendant was induced to make the purchase of said shares by the fraudulent misrepresentations of plaintiff's agents as to its capital

stock and assets; that plaintiff incorporated in Illinois to evade the statutes of this state governing the formation of corporations and with intent to do business wholly in this state; that it received nothing of substantial value for its shares when they were issued to its subscribers; that all of its business has been transacted in this state. Issue was joined by a reply. The case was submitted to the court, and a judgment rendered for plaintiff for the amount sued for, from which defendant appealed.

On the trial plaintiff introduced in evidence a contract obligating the defendant to pay $2 per share for five hundred shares of the capital stock to the plaintiff, such shares to be full paid and non-assessable. Plaintiff also introduced in evidence a printed statement attached to said contract tending to show that the assets of plaintiff consisted of the patent right for manufacturing matrix machines, transferred to it by one Kletzker, the inventor of said patent, and tending to show that plaintiff was offering for sale certain of its "treasury stock" at $2 per share and giving estimates of the earnings which plaintiff would receive if the machine in question should prove a business success. Plaintiff also gave evidence tending to show that it delivered to the defendant a certificate for five hundred shares of its stock on March 8, 1893, and that defendant had wholly failed to pay any part of the price agreed upon by such certificate.

FOREIGN corporation: suit for price of stock: fraudulent representations: evidence: liability of purchaser.

Defendant's evidence disclosed that the plaintiff's entire capital stock, except two hundred shares, was given in exchange for a transfer to it of the patent rights and improvements subsequently made to said machine; that a bill of sale for this purpose was executed after the incorporation of plaintiff; that before plaintiff was incorporated it was agreed between the

inventor of the machine and five other promoters, that after the incorporation of plaintiff and a transfer of its shares to him in exchange for his invention, he should retain $40,000 of the shares, and the remaining sixty thousand should be apportioned, to wit: $10,000 treasury stock, and $10,000 each to the five promoters, who paid him $400 in cash for their respective shares. There was evidence tending to show that the value of the invention was uncertain and problematical; that it had no substantial market value, and has not become salable in the hands of the company. There was also evidence tending to show that prior to the trial plaintiff received authority from the secretary of this state to do business in Missouri.

It is conceded by the learned counsel for defendant, and such is the law, that "if the stock tendered defendant is full paid nonassessable stock, then the defendant is liable." The present is a contest between the corporation as the donee of certain shares of its stock and the purchaser of such shares. It is not a contest between the creditors of the corporation and the holders of its stock. Where a corporation issues its stock at less than its par value, the holder of the shares is liable in a proceeding by or on behalf of creditors to make good the difference between their par value and what he actually gives for them. *Leucke v. Tredway*, 45 Mo. App. 518. This is true notwithstanding the fact that, as between the corporation and its shareholders such stock is both full paid and nonassessable. In the case at bar the plaintiff corporation could not assess the shares in the hands of the defendant nor exact any further payment therefor than the sum agreed upon at the time of the sale of such shares. The evidence in the record tends to show that defendant was fully apprised of the nature and extent of the consideration which plaintiff had received for the orig-

inal issuance of its stock, and that they had been issued as full paid and nonassessable to the tranferrer of the patent right received in payment of plaintiff's capital stock. This transaction, though not conclusive against the creditors of the plaintiff, was conclusive between it and the taker of its shares. The trial court found against the defendant upon the evidence in the record tending to show that he was cognizant of the exact status of plaintiff's affairs and consideration which had been received for its shares of stock. The evidence shows that the sale made to defendant was executed, so far as the plaintiff is concerned, by the delivery to him of a certificate for five hundred shares of full paid non-assessable stock, hence defendant is in no position to refuse the payment of the price agreed to be given for such shares. The court did not err in construing the contract between plaintiff and defendant CONTRACT, con-struction of: con-temporaneous writing: evi-dence. in the light of the printed statement or prospectus attached to said contract. The writings were cotemporaneous and a part of the same transaction, and should have been interpreted together. The instructions requested by defendant and refused by the court were based upon a theory contrary to the views expressed in this opinion, and therefore were properly refused. The result is the judgment will be affirmed.

Judge BIGGS concurs; Judge BLAND not sitting.