BuntAED, J.
delivez-ed the opinion of the couz’t.
The plaintiffs represent in their petition that the Feliciana Steamboat Company is largely indebted to them for goods sold and advances made to the company, and for their salary as agents under special contract. That the charter of said company has expired by its own limitation, and that the petitioners being themselves stockholders are desirous of having the affair's of the company liquidated and finally settled, and for that purpose and to estab[405] lish their demand and to recover the amount thereof they institute the *247 present action. They then set forth the names of the stockholders so far as known to them, and they conclude by praying for citation, and that the affairs of the company may be settled and liquidated, and that they pay their debts, and that the demand of the plaintiffs may be ordered to be paid with interest at ten per cent. Various amended and supplementary petitions were filed from time to time making new parties as the names of the stockholders were discovered. The suit was brought in 1830, and finally, in 1839, some of the defendants, the alleged stockholders, not having answered, judg ment by default was ordered against them, and as to the present appellants, James Dick and Laurent Millaudon, was made final, condemning them and some others in solido, to pay the whole amount of the plaintiffs’ demand, making allowance for what the plaintiffs themselves owed as stockholders, in proportion to. the number of shai-es held by them.
The appellees have moved to dismiss the appeal on the ground that a former appeal which was allowed, was abandoned by the appellants. We do not think the appeal first taken in this case was abandoned in the sense of art. S94, and the motion is overruled. 11 La. Bep. 382.
The case is before us upon various assignments of errors apparent on the record. Two only of the errors assigned, to wit, the 4th and 5th, need be noticed, because the opinion we have formed upon them is decisive.
4th. In a suit for a liquidation among stockholders the cause cannot be legally tried nor judgment rendered unless all the parties have been cited and answered or judgments by default taken against them. In this case the cause was taken up and tried only as against a few of the defendants and judgments were rendered against them in solido. Some of the defendants had not even been cited.
5th. The defendants cannot be rendered liable in solido. They [406] were stockholders in an incorporated company, and under the provisions of the charter they are only liable, if at all, for losses sustained by the company.
We are of opinion that both assignments are well taken. It was irregular and even inconsistent with the prayer of the petition to proceed and take a final judgment against a part of the stockholders, leaving the case still pending as to others; much less, in our opinion, were the plaintiffs entitled to a judgment against the defendants in solido. The plaintiffs as well as defendants were members of an incorporated association. The corporators at the time the debt was contracted were liable in proportion to the shares of stock which each one held. After the dissolution of the company by the expiration of the charter, their condition did not become more onerous in relation to each other, although as to debts which may have been contracted afterwards the corporators, considered as voluntary co-partners in a commercial concern, may have become liable in solido as to third persons.
It is, however, contended by the counsel for the appellees that by a proviso to the charter each of the stockholders is declared to be liable beyond the amount of his stock and in his individual capacity. The proviso is, that, notwithstanding the corporate character of this association, the stockholders shall not. be exempt from personal responsibility for losses *248 which may De sustained heyond the amount of the capital stock. 1 Moreau’s Digest, 261. By that we understand that as it relates to losses sustained by the company the liability of each stockholder shall not be confined to the amount of his stock. But it does not follow, that each is liable, in solido, even towards third persons, for the whole of such loss sustained or debts contracted; and still less that one of the corporators who becomes a creditor of the company and consequently owes his own proportion of his debt, can recover from any one of his co-corporators, or all of them in solido, the balance due him.
[407] In answer to the first clause of the fourth assignment of error, it has been said by the counsel for the appellees, that the want of parties and the ground that all having an interest were not made parties, cannot be assigned as error but can be taken advantage of only by exception or plea. Admit that principle to be correct, yet the error appears to us to consist in having singled out a part of those who were parties and taking judgment final against them, while, as to others, the cause was laid over and appears yet to be pending. This is especially irregular and erroneous in a case having professedly for its principal object to liquidate the concerns of the company, and secondarily to obtain the payment of a claim for advances by one of the eo-partnei's.
It is therefore adjudged and decreed that the judgment of the district coui-t be reversed, and the case remanded for further proceedings, according to law, the plaintiffs and appellees paying the costs of this appeal.