Denver & R. G. R'y Co. v. Neis.

1. An unlimited appearance by counsel for defendant in the county court, after appeal from a justice, announcing himself ready for trial, waiving a jury, and permitting a witness to be sworn before calling attention to his motion to quash the service of process, is a waiver of any objection under the motion. And the truthfulness of the record in this court showing these facts cannot be contradicted.

2. A witness may testify to so much of a conversation between the parties as he may have overheard, the testimony being otherwise competent.

3. Where the judgment includes compensation to which plaintiff is not entitled, it must be reversed.

*Appeal from the County Court, Summit County.*

This action was brought to recover upon an account for services rendered by plaintiff, Neis, as blacksmith. Reaugh was resident engineer of the defendant company, with entire control of its construction and business at the point where plaintiff claims to have done the work in question. Neis, who was a local blacksmith living at Recen, a place in the vicinity, was at first authorized by Reaugh to do blacksmithing when requested by the "bosses" or other employees of the company. But about August 1st a written notice from Reaugh was served upon him, directing him to do no further work at the company's expense save upon written orders of himself (Reaugh) or McHarg (his clerk). A few days later this instruction was modified so as to permit Neis to do work upon the verbal order of Reaugh, McHarg, Hoffman or Donahue, the two latter being among the "bosses" employed under Reaugh. For all work afterwards done upon written orders, or at the verbal request of the parties above named, with two possible exceptions mentioned in the opinion, Neis received full compensation from the company. It appears that the larger part of the account sued on was labor performed at the verbal

request of other bosses and employees than those mentioned, and after the giving of said notice to plaintiff. The cause was tried to the court without a jury, and judgment rendered in plaintiff's favor for the full amount of his claim. Appeal from this judgment.

BENNET, MASON and HAVENS, for appellant.

W. E. SCOTT and R. H. RHONE, for appellee.

HELM, J. The ruling of the county court upon the motion to quash the service of process was correct. By the record ·before us we are advised that defendant's counsel made a full and unlimited appearance in that court, announced himself ready for trial, waived a jury, and permitted a witness to be sworn on behalf of plaintiff, before calling attention to the motion, which had, in the first instance, been duly submitted to the justice, and presenting his jurisdictional objections thereunder. By these acts (not considering the effect of taking the appeal) all objections on the ground of defective service were waived. Counsel in argument deny the truthfulness of the record in this particular, and assert that they presented the question without making a general appearance, and before anything else was done in the county court. It is hardly necessary to say, what they frankly admit, that we must be governed by the record, which in this court imports absolute verity.

Nor did the court err in refusing to strike out a portion of the testimony given by the witness Cole. It was proper for him to detail so much of the conversation between Neis and McHarg as he overheard. The fact that some things may have been said in this conversation which he did not hear did not render this part of his testimony wholly inadmissible. With the latitude allowed on cross-examination, the danger of injustice, adverted to by counsel, can hardly be said to exist. Besides, it may be further remarked that, even if this evi-

dence were improperly admitted, we would not consider the error sufficient ground for reversal. The testimony objected to, with the accompanying admissions, was of very little importance, and could scarcely have received serious consideration.

Reaugh had full authority to prescribe the conditions upon which plaintiff should do work for the defendant company. It was competent for him, through his clerk (McHarg), to prohibit as he did any such work, except on written orders from himself or McHarg. It was perfectly proper, also, for him to enlarge this instruction or notice by excepting from its operation Hoffman and Donahue, two of the numerous "bosses" in the company's employ. It is clearly established that all the items in the bill sued upon referred to work done without written authority, and after plaintiff received the note above mentioned. Plaintiff, in rebuttal, testifies that on one occasion McHarg came with four or five wagons to be mended, and told him to do the work. He also says that Hoffman directed him to do some work for parties whom he had previously refused because they had no written orders. His testimony concerning the wagons is directly contradicted by McHarg; but, as to these portions of his bill, the finding of the court below must be sustained. So far as there was conflicting testimony, it was one witness against another, and we will not presume to say that credit should have been given to McHarg instead of plaintiff.

But we are not advised as to the amount of these items, and they cover only a part (probably a small part) of the bill sued upon. With reference to the remaining portions of the account, we have this state of facts: McHarg testifies clearly and unequivocally that plaintiff did the work without any authority, verbal or written, from either himself, Reaugh, Hoffman or Donahue. In answer to this evidence, there is simply the declaration by plaintiff, in rebuttal, " that all the work done on that

bill sued for was done by the written or verbal orders." It will be observed that he does not assert the work to have been performed upon the written or verbal orders of Reaugh or McHarg, or even upon the verbal orders of Hoffman or Donahue. The declaration of plaintiff is consistent with the proposition that the work referred to, or at least a part thereof, was done under the verbal orders of employees other than those from whom he was authorized to receive such orders. And this construction of the language is sustained by his own testimony in chief. He there admits that after August 12th the various wagon, corral and stable bosses had work done without orders, expressly mentioning the name of Callihan, a stable boss. Thus this unimpeached testimony of McHarg is corroborated by that of plaintiff himself. The court allowed the full amount claimed by plaintiff upon his entire account. It is therefore clear that the judgment given covered, in part at least, work for which, under the testimony before us, plaintiff was not entitled to compensation. It will for this reason be reversed, and the cause remanded for further proceedings.

*Reversed.*