Buenz et al. v. Cook.

1. Review of Judgment by Default on Appeal.— On appeal from a judgment by default all errors disclosed by the record are open to review, and the complaint may therefore be examined to see whether it states a cause of action, and, if so, whether it warranted the particular judgment.

2. Construction of Statutory Liability of Officers and Stockholders in Banking Corporations.— Under the General Statutes (ch. XIX, § 43) the extent of the individual liability of officers and stockholders of banking corporations, for debts contracted while they were officers or stockholders, was the amount of the stock held by each. In an action, therefore, against all the stockholders of a banking corporation, for the entire debt of the corporation, a judgment against one only, by default, for the whole amount, will be reversed on appeal.

*Appeal from Clear Creek County Court.*

Messrs. Bartels & Blood, for appellant.

Richmond, C. This was an action commenced in the county court of Clear Creek county to recover of the defendants, as shareholders of stock in the Bank of Breckenridge, the amount of an indebtedness due from said bank to Robert A. Sankey, and by him assigned to the plaintiff below and appellee here.

The plaintiff alleges that the Bank of Breckenridge is a corporation existing under and by virtue of the laws of this state for the purpose of doing and conducting a general banking business; that the capital stock of said corporation was and is limited to three hundred shares of the par value of $100 each, making a total capital of $30,000; that said capital stock was issued to and is owned by various persons, who are now and have been such owners of said stock since the 1st day of October, 1882; and that the full amount thereof has been paid in to said corporation by the stockholders, and that such amounts paid in have been expended, and that nothing now remains to pay the claims of the creditors of said corporation, and that said corporation is

insolvent; that on the 7th day of December, 1882, said corporation was indebted to Robert A. Sankey in the sum of $642.10, money had and received for the use of said Sankey.

That on the 8th day of December, 1882, Sankey demanded payment, which was refused, and that on the same day said corporation made an assignment of all the property, both real and personal, for the benefit of the creditors, and directed the assignee to pay Sankey the sum of $263.75, and no more; that said assignee paid Sankey the sum of $263.75, but refused to pay the balance; that on the 27th day of August, 1884, Sankey commenced an action against the corporation for the sum of $378.35; that on November 11th judgment was rendered against said corporation for the sum of $451.29, and $19.70 costs; that execution was issued and returned wholly unsatisfied; that said judgment still remains in full force and effect; that June 10, 1885, Robert A. Sankey assigned and transferred the judgment to plaintiff below, appellee here; that at the time said debt was contracted the defendants were stockholders in said corporation, each holding stock therein as follows: Samuel L. Allen, fifty shares; Marshall Silverthorn, fifty shares; Charles H. Bacon, fifty shares; Claus Buenz, ten shares; Charles E. Flack, ten shares; William Kellogg and Samuel L. Allen, one share; William V. Clark, one hundred and twenty-nine shares; that the amount sued for herein is the whole amount of the indebtedness of said corporation now remaining unpaid, said defendants having refused to pay the same or any part thereof. Wherefore plaintiff asks judgment against said defendants for the sum of $470.99 and interest thereon from November 11, 1884, and for costs of this suit.

It appears that but two of the above-named defendants were served with summons,— Marshall Silverthorn, who appeared and filed a demurrer, and the appellant herein, Claus Buenz, who failed to appear in obedience to the summons. Whereupon the court, on motion and affidavit, Au-

gust 3, 1886, entered judgment by default against appellant, and thereafter, on the 8th day of November, 1886, rendered final judgment against said appellant for the sum of $574.94, being the amount of demand and interest. The cause appears to have been continued, and is still pending, as to the other defendants.

Thereafter, on December 31, 1886, appellant filed his notice of appeal to this court, and executed an appeal bond which was approved. No appearance is entered by appellee in this court. The assignment of errors presents two questions: (1) Does the complaint state facts sufficient to constitute a cause of action? (2) Did the court err in rendering judgment against appellant for the entire amount of the demand and interest?

Preliminary to the discussion of this question we have first to determine what matters are properly reviewable in this court, judgment by default having been entered against appellant in the court below upon due service of summons.

Certainly all errors disclosed by the record are open to review and correction, notwithstanding the nature of the judgment. We may, therefore, examine the complaint for the purpose of ascertaining whether or not a cause of action be stated therein, and also for the purpose of determining whether or not those allegations of the complaint which are well pleaded are sufficient to warrant the particular judgment rendered. In *Hallock v. Jaudin*, 34 Cal. 167, Sanderson, J., rendering the opinion of the court, says: " As to the right of appeal there is no distinction between judgments by default and judgments after issue joined and a trial. The former is as much a final judgment as the latter, and the statute gives a right to appeal from all final judgments, without distinction. From this it follows that all errors disclosed by the record can be reviewed and corrected on an appeal from the former class of judgments as well as the latter." *Reynolds v. Steam-Boat Co.* 17 La. 397, was a case where a judgment by de-

fault was entered, made final against a portion of the defendants as stockholders. The right of appeal was sustained in this case.

The right of action in this case accrued prior to the passage of the act of 1885, entitled "An act to fix and define the liability of shareholders in banks, trust, deposit and security associations," and must, therefore, be controlled by section 43, chapter 19, General Statutes of 1833, which reads as follows: "The officers and stockholders of every banking corporation or association formed under the provisons of this act shall be individually liable for all debts contracted during the term of their being officers or stockholders of such corporation equally and ratably to the extent of their respective shares of stock in any such corporation or association, except that when any stockholder shall sell and transfer his stock such liability shall cease at the expiration of one year from and after the date of said sale and transfer."

Similar provisions contained in the statutes of other states have received consideration, and there is a decided unanimity of construction in holding that a stockholder can be charged only for the debts of the corporation proportionately to the extent of his stock.

Under this section the stockholders are made liable in proportion to the extent of the shares respectively held by them. Liability of stockholders in a corporation is undoubtedly a creature of statute. It does not exist at common law; hence it can be said that such liability being statutory it cannot be extended beyond the plain purpose and intention of the statute. The above provision in legal effect fixes the proportionate liability of each stockholder to the extent of the number of shares owned by him.

In *Pollard v. Bailey*, 20 Wall. 520, the action was brought by one creditor against one of the stockholders to recover the full amount of his debt, without regard to the creditors or the liability of the other stockholders to respond to other obligations under the charter. The court said: "Each stockholder is bound for the debts in proportion to his

stock. His liability is not limited to the par value of his stock, neither is he bound absolutely for the payment of the full amount of that. He must pay a sum which shall bear the same proportion to the whole indebtedness that his stock bears to the whole capital, and is not required to pay more. For the purposes of this case, it is not necessary to decide what effect the insolvency of any of the stockholders would have upon the liability of such as are solvent. It is certain that no stockholder is liable for more than his proportion of the debts."

The act to enforce the liability of stockholders in banking corporations subjects each stockholder to a several liability for a ratable share of the debts in proportion to the whole capital stock, and the whole indebtedness of the bank, without reference to the solvency of any other stockholder.

All law writers and jurists unite in the conclusion that the stockholder, under statutes similar to the one controlling in this case, can be charged only to the extent of his stock, "on payment of debts, or a personal charge in respect to them. To this amount there is an end of further liability." Thomp. Liab. Stockh. § 267. True it is that there is some conflict of the authorities concerning the remedy of a creditor in such cases. Some hold that this proceeding should be exclusively in equity; others, that the remedy may be had at law, and is concurrent with that of equity. It is sufficient for the purposes of this case to say that the facts alleged and proved are sufficient to meet the requirements in equity.

In the case at bar it is fair to presume that the appellant knew the extent of his liability under the statute, and having no defense was justified in not appearing, and in believing that the court could not and would not impose a greater obligation upon him. By no theory of reason can we conclude that plaintiff was entitled to proceed against the appellant herein, as sole defendant, for the purpose of recovering from him the entire amount of the corporate debt, nor can it be said that he did so proceed. On the contrary,

he sought by setting out the number of shares held by each of the stockholders to recover a judgment against each to the extent only of their statutory liability.

By the complaint the indebtedness for which recovery is sought constituted the entire and only indebtedness of the bank, and it is probable that had the court proceeded to determine the respective liability of each of the shareholders, and rendered judgment against those over whom it had obtained jurisdiction for their proportion of the amount of the debt, this court would not have reversed such a judgment; but when by the language of the complaint a judgment is sought against all, without any averment showing the exact statutory liability of each, and such judgment is rendered against one only for the entire indebtedness, thereby increasing his liability beyond the terms of the statute, in justice such a judgment must be reversed. *Reynolds v. Steamboat Co., supra.*

In *Railway Co. v. Neis*, 10 Colo. 56, it was held, "where the judgment includes compensation to which plaintiff is not entitled it must be reversed." We think the doctrine in this case is peculiarly applicable to the case at bar. It is true in that case the conclusion of the court is founded upon a review of the testimony, and in this case the conclusion is based upon the averments of the complaint. Yet in neither case can it be said that the judgment was warranted. For the reasons stated the judgment should be reversed and the cause remanded for further proceedings.

PATTISON and REED, CC., concur.

PER CURIAM. For the reasons given in the foregoing opinion the judgment is reversed and the cause remanded.

*Reversed.*