## AUER et al. v. LOMBARD et al.

(Circuit Court of Appeals, First Circuit. February 15, 1896.)

### No. 146.

1. CIRCUIT COURT—JURISDICTIONAL AMOUNT—SUIT AGAINST STOCKHOLDERS OF CORPORATION—COLORADO STATUTE.

A statute of Colorado provides that "shareholders in banks * * * shall be held individually responsible for debts * * * of said associations in double the amount of the par value of the stock owned by them respectively." Laws 1885, p. 264. *Held,* that the remedy of creditors of such corporations under this statute, unless in exceptional cases requiring an accounting, is at law only, and that the claims of creditors against shareholders are several, and cannot be joined in one action to make up the amount required to give jurisdiction to the United States circuit court.

2. SAME—COSTS.

Under the circumstances of the case the order for dismissal by the circuit court must be without prejudice and without costs in that court, but with costs in the court of appeals.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

Henry W. King and Charles M. Rice, for appellants.

Robert M. Morse and John Duff (Edgar S. Hill with them on brief), for appellees.

Before PUTNAM, Circuit Judge, and NELSON and WEBB, District Judges.

PUTNAM, Circuit Judge. This is a bill in equity brought by a part of the creditors of a savings bank, established under the laws of the state of Colorado, in behalf of themselves and of such other creditors as may desire to join them, against a portion of the shareholders of the corporation. The bank was incorporated June 8, 1887, and the bill was filed February 28, 1895. A statute of the state of Colorado, enacted in 1877, provided as follows·

"The officers and stockholders of every banking corporation or association formed under the provisions of this act shall be individually liable for all debts contracted during the term of their being officers or stockholders of such corporation, equally and ratably to the extent of their respective shares of stock in any such corporation or association, except that when any stockholder shall sell and transfer his stock, such liability shall cease at the expiration of one year from and after the date of such sale and transfer." Gen. St. 1883, c. 19, § 43.

By a subsequent section this enactment was made applicable to the officers and stockholders of savings banks. In 1885 the following statute was also enacted:

"Section 1. Shareholders in banks, savings banks, trust, deposit, and security associations, shall be held individually responsible for debts, contracts, and engagements of said associations in double the amount of the par value of the stock owned by them respectively.

"Sec. 2. Any and all acts or parts of acts in conflict herewith be, and the same are hereby, repealed." Laws 1885, p. 264.

The respondents are all citizens of the state of Massachusetts, and there are no other shareholders residing or found within the district

of Massachusetts, and none others are sought to be made parties to the bill. The demand against one respondent is $1,000, against another $2,000, and against each of the others in excess of the latter sum. The claim is stated as a joint demand against each respondent, as follows:

"And the plaintiffs say that said defendants, by virtue of the provisions of said law, are severally indebted to them in double the amount of the par value of the stock hereinbefore set forth as having been owned by them respectively, to wit: that the defendant Lewis Lombard is indebted to the plaintiffs in the amount of three thousand dollars; that the defendant B. Lombard, Jr., is indebted to the plaintiffs in the amount of ten thousand dollars; that the defendant Irving Wood is indebted to the plaintiffs in the amount of two thousand dollars; and that the defendant Darius Wood is indebted to the plaintiffs in the amount of one thousand dollars."

The amount of all the debts due all the complainants would, if recovered, exhaust the amounts thus demanded, but no debt due any complainant exceeds $2,000, exclusive of interest and costs. The first questions, therefore, are whether, on this showing, a circuit court of the United States can take jurisdiction of any part of this controversy; and, if yes, of what part.

The earlier of these two statutes required an apportionment among stockholders. In many jurisdictions, if not in all, this would involve a bill in equity with an accounting of all the corporate liabilities and a contribution by the stockholders, and for this the further making the corporation, and perhaps all stockholders, parties. Thus, serious difficulties arose touching the jurisdiction in cases where there were nonresident stockholders; and it is a matter of common knowledge, with reference to Western states like Colorado, that a large proportion of the local financial corporations have shareholders of that class. Consequently, proceedings under statutes like the earlier one referred to involved great doubts and difficulties; and the same might be said as to all like statutes which required proceedings in equity. A striking example is found in Cattle Co. v. Frank, 148 U. S. 603, 13 Sup. Ct. 691, where it was held that a creditors' bill would not lie in that case against stockholders unless the corporation was made a party, although the corporation was a nonresident. On the other hand, Flash v. Conn, 109 U. S. 371, 3 Sup. Ct. 263, is an example of the facility with which a single creditor may proceed against even a nonresident stockholder, by a suit at law, under a statute similar in its construction to the act of 1885. That there may be a remedy at law under such statutes in other states than that where the statute was enacted was settled by the supreme court in Flash v. Conn, ubi supra, Huntington v. Attrill, 146 U. S. 657, 13 Sup. Ct. 224, and in some other cases which need not be referred to. The same conclusions as those of the supreme court were also reached in the house of lords in Huntington v. Attrill [1893] App. Cas. 150, where the litigation arose out of the same transactions as in Huntington v. Attrill, ubi supra. The statute of 1883 was under adjudication by the supreme court of the state of Colorado in Buenz v. Cook, 15 Colo. 38, 24 Pac. 679, and the same general view was there taken of it as is taken by us. In the light of these considerations, we have no doubt that the purpose of the later statute is to give each creditor a simple and direct remedy against each share-

holder, and that for this a suit at law by any creditor, on his behalf alone, is maintainable under it. Flash v. Conn, *ubi supra.* The act of 1885 establishes a liability of an essentially different character from that of 1883, in the fact that it is not ratable, and also of an essentially different amount. The two cannot stand together with reference to the same corporation, and debts of the same period of contracting; and we have no doubt that, so far as this controversy is concerned, the later act wholly supersedes the earlier one, and the complainants' rights rest on it alone. As the liability involves no accounting, the remedy is at law only. Kennedy v. Gibson, 8 Wall. 498, 505; Casey v. Galli, 94 U. S. 673. We do not say that there might not be a case under the statute which would involve an accounting, and the securing and distribution of a fund, but only that no such case is shown here. Nor do we say that a circuit court of the United States could take jurisdiction of such a case when no single debt reaches the jurisdictional amount, or where it has not jurisdiction over the corporation involved. We only hold that, on the case as made, the claims of the various complainants are several, and cannot be joined to make up the required jurisdictional amount.

As the circuit court had no jurisdiction for the reasons stated, no costs can be allowed in that court; and inasmuch as our disposal of the case in no way involves the merits of the controversy, the bill must be dismissed without prejudice. In these two particulars the orders in Peper v. Fordyce, 119 U. S. 469, 472, 7 Sup. Ct. 287, and in Wetherby v. Stinson, 18 U. S. App. 714, 721, 10 C. C. A. 243, 62 Fed. 173, are in accordance with the settled practice of the supreme court. The decree of the circuit court is modified, and the case is remanded to that court, with directions to dismiss the bill without prejudice, for want of jurisdiction, with the costs of this court in favor of the respondents, but without costs in that court for either party.