ALDERSON et al. v. DOLE et al. .

(Circuit Court of Appeals, First Circuit. April 24, 1896.)

No. 168.

EQUITY—JURISDICTION—FEDERAL COURTS—STATE STATUTES.

The statute of a state providing for the filing of bills in equity for the enforcement of the liability of stockholders in corporations, does not authorize a federal court to entertain such a bill, where no special ground of equitable cognizance exists.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

Edward W. Cate, for appellants.

Ambrose Eastman, for Frank B. Dole et al. and the Cedar Spring Gold Min. Co.

Eugene P. Carver and Edward E. Blodgett, for Thomas F. Hunt et al.

Before PUTNAM, Circuit Judge, and NELSON, District Judge.

PUTNAM, Circuit Judge. This is an appeal from a decree dismissing, after a hearing on demurrers, a bill in equity to enforce alleged rights of action based on the statutes of Maine, a sufficient comprehension of which is given by the following, found in the Revised Statutes of 1883 (chapter 46):

"Sec. 45. The capital stock subscribed for any corporation is declared to be and stands for the security of all creditors thereof; and no payment upon any subscription to or agreement for the capital stock of any corporation shall be deemed a payment, within the purview of this chapter, unless bona fide made in cash, or in some other matter or thing at a bona fide and fair valuation thereof.

"Sec. 46. No dividend declared by any corporation from its capital stock or in violation of law, no withdrawal of any portion of such stock directly or indirectly, no cancellation or surrender of any stock, and no transfer thereof in any form to the corporation which issued it, is valid as against any person who has a lawful and bona fide judgment against said corporation, based upon any claim in tort or contract, or for any penalty, or as against any receivers, trustees, or other persons appointed to close up the affairs of an insolvent corporation.

"Sec. 47. Any person having such judgment, or any such trustees, receivers or other persons appointed to close up the affairs of an insolvent corporation, may, within two years after their right of action herein given accrues, commence an action on the case or bill in equity without demand or other previous formalities, against any persons (if a bill in equity, jointly or severally, otherwise severally) who have subscribed for or agreed to take stock in said corporation and have not paid for the same * * * and in such action they may recover the amount of the capital stock so remaining unpaid or withdrawn, not exceeding the amounts of said judgments or the deficiency of the assets of such insolvent corporation. * * *"

We need notice only one point. The bill sets up no special ground of equitable cognizance. It does not require any accounting, and, therefore, presumably the only remedy is at law. Auer v. Lombard (decided by this court) 72 Fed. 209, 211. The alleged liability of the stockholders creates no trust as towards the complainant. Hollins v. Iron Co., 150 U. S. 371, 385, 14 Sup. Ct. 127. So that, independently of the statutes of Maine, there could be no jurisdiction in equity. Those statutes cannot affect the jurisdiction of the federal courts in that particular. This was clearly stated in Van Norden v. Morton, 99 U. S. 378, and has been many times reaffirmed in the supreme court. It was fully restated in Wehrman v. Conklin, 155 U. S. 314, 15 Sup. Ct. 129. The qualification given in Bardon v. Improvement Co., 157 U. S. 327, 330, 15 Sup. Ct. 650, and in Cowley v. Railroad Co., 159 U. S. 569, 583, 16 Sup. Ct. 127, does not reach the case at bar. In Kennedy v. Gibson, 8 Wall. 498, 505, there is a dictum that a receiver of a national bank may enforce a stockholder's liability by a bill in equity where less than the par of his stock is demanded; but no bill of that kind has ever been sustained by the supreme court, and the dictum cannot be supported unless an ac-

counting is required. In Richmond v. Irons, 121 U. S. 27, 7 Sup. Ct. 788, a creditors' bill was sustained to enforce the liability of stockholders in a national bank, but there an accounting of the debts of the bank was required, and the question of jurisdiction does not seem to have been raised. In Tube-Works Co. v. Ballou, 146 U. S. 517, 13 Sup. Ct. 165, a bill akin to this was dismissed, and that case was substantially so much like the one at bar as to guide us to the same result. Nothing herein concludes us as to any bill based on general equitable rules instead of a statute. The decree of the circuit court is affirmed, with costs.