## MEDBERRY v. TROUTMAN.

(Circuit Court, D. Kansas, Second Division. June 20, 1899.)

ACTION—LEGAL OR EQUITABLE—SUIT TO CHARGE STOCKHOLDER.

An action brought by a creditor of a corporation, to charge a stockholder with statutory liability for a debt of the corporation, is one at law; and it does not become cognizable in equity by the statement in the complaint of an additional ground for recovery, based on an allegation that defendant received certain property from the corporation, the proceeds of a sale of its property, where it is not alleged that plaintiff has reduced his claim to judgment against either the corporation or the defendant, and the corporation is not made a party, nor shown to have been legally dissolved, without one of which allegations a creditors' bill cannot be maintained in a federal court.[1]

This was a cause removed from the state court, and the question before the court was as to whether it was cognizable in the federal court, as a suit at law or in equity.

J. V. Daugherty and Earl W. Evans, for plaintiff.
T. B. Wall and C. H. Brooks, for defendant.

HOOK, District Judge. This case was removed by the defendant from the district court of Cowley county, Kan., and the question now presented is whether it is an action at law, or whether it falls within the equity jurisdiction of this court. The petition sets forth the following facts: The plaintiff is the owner of certain notes given to the Lombard Investment Company, a corporation organized under the laws of the state of Kansas, and which were secured by mortgages upon real property. The investment company negotiated the securities, and they became the property of the plaintiff. The indorsement upon the notes which was executed by the investment company contained a guaranty of the payment of the interest at maturity, and of the payment of the principal within two years from the time the same became due. The mortgages were foreclosed, the mortgaged property sold, and the proceeds applied towards the payment of the indebtedness, leaving an unpaid balance, for which the plaintiff sues. The defendant was the holder of $4,500 of the capital stock of the investment company, which became insolvent and suspended business for more than one year prior to the institution of the suit. It is further alleged that about August 1, 1890, the investment company, then engaged in the usual and ordinary transaction of its business, determined to wind up its affairs and sell and dispose of all of its property and assets, amounting to $1,250,000, and, pursuant to resolutions adopted at a meeting of the stockholders at which the defendant was present or represented, the company sold, transferred, and turned over to another company, known as the Lombard Investment Company of Missouri, all of the said property and assets, and that as the result of said transaction the defendant received as his part

[1] For liability of stockholders to creditors of corporation, see note to Rickerson Roller-Mill Co. v. Farrell Foundry & Machine Co., 23 C. C. A. 315, and note to Scott v. Latimer, 33 C. C. A. 23.

of the consideration certain property, to the amount and value of $4,500, the same being represented by stock to that amount in the Missouri company. At the time of this transfer the original company was indebted upon its guaranty of the notes held by the plaintiff, and the balances due thereon, as above stated, have never been paid.

The constitution of the state of Kansas provides (article 12, § 2) that dues from corporations, excepting railroad corporations and corporations for religious or charitable purposes, shall be secured by the individual liability of the stockholders to an additional amount equal to the stock owned by each stockholder. The statutes of Kansas provide that where an execution has been issued against the property or effects of a corporation not within the excepted classes, and there cannot be found any property whereon to levy, execution may be issued against any of the stockholders to an extent equal in amount to the amount of stock owned by him, or the plaintiff in the execution may proceed by action to charge the stockholders with the amount of his judgment. In this case, however, no judgment was obtained against the corporation upon the notes, or its guaranty indorsed thereon, and consequently no execution issued against it. The statutes of Kansas provide further (Gen. St. 1889, pars. 1200, 1204) that if any such corporation be dissolved, leaving debts unpaid, suits may be brought against any person or persons who were stockholders at the time of such dissolution without joining the corporation in such suit, and, further, that any such corporation shall be deemed to be dissolved for the purpose of enabling creditors thereof to prosecute suits against the stockholders to enforce their individual liability, if it be shown that such corporation has suspended business for more than one year. The plaintiff has framed his petition so as to avail himself of these statutory provisions, and he also counts upon the fact that the defendant, a stockholder of the Kansas company, participated in the disposition of all of its assets, and the transfer of the same to a corporation of another state, without making provision for the payment of the first company's obligations, and that the defendant received a part of the consideration of such sale and transfer.

The plaintiff appears, from his petition, to be a simple-contract creditor; his demands not having been reduced to judgment against either the defendant, or the corporation in which defendant is alleged to hold stock. The proceedings resulting in the foreclosure of the mortgages operated, not as a judgment against the corporation upon its guaranty, or against the defendant as a stockholder, but only to secure a judgment against the makers of the notes and mortgages, and the application of the proceeds of the mortgaged property towards the payment or reduction of the indebtedness. Therefore the petition of the plaintiff is not, in effect, a creditors' bill, nor does it seek an accounting. It contains simple and direct allegations seeking to charge the defendant upon two grounds: First, as a stockholder of the Kansas company upon his statutory liability; and, second, because of his participation in the sale of the assets of that company, and his receipt of a part of the proceeds thereof. Consideration will be given to these in their order.

As to the first: It has frequently been held that an ordinary action for the enforcement of the liability of stockholders in corporations is not of equitable cognizance, in the absence of special grounds therefor aside from the necessary averments in such an action. Even where the statute of a state provides for the filing of bills in equity for the enforcement of such liability, a federal court will not be authorized to entertain such a bill where no special ground of equitable cognizance exists. Alderson v. Dole, 20 C. C. A. 280, 74 Fed. 29; Auer v. Lombard, 19 C. C. A. 72, 72 Fed. 209. In the latter case a bill in equity was filed by certain creditors of a savings bank organized under the laws of the state of Colorado, against a part of the shareholders of the corporation, to recover under the provisions of a statute of Colorado providing that shareholders in banks shall be held individually responsible for debts of such associations in double the amount of the par value of the stock owned by them, respectively. It was held that the remedy of the creditors under the statute was at law only, unless in exceptional cases requiring an accounting.

As to the second: It may be claimed that, although the plaintiff's petition presents an action at law to enforce the ordinary liability of a stockholder, yet that it presents a claim of equitable cognizance, in so far as it seeks to recover from the defendant the portion of the proceeds of the sale of the assets of the Kansas corporation which came into his hands and was retained by him. This might be so under certain circumstances, and if certain prerequisite conditions were complied with, and there were proper parties defendant in the suit. If the Kansas corporation had been dissolved, or the plaintiff's demands reduced to judgment, such a suit might be maintained against the proper parties. It will be noticed that under the Kansas statute a cessation in the transaction of business by a corporation does not operate to dissolve it for all purposes, but its dissolution for that reason is only to enable creditors to enforce the individual liability of the stockholders. The claim against the defendant, as shown in the petition, on account of his having received a portion of the proceeds of the sale of the company's assets, is not one to enforce his liability as a stockholder, but is based upon other conditions and considerations. In order that plaintiff might maintain a suit in equity against defendant upon the second ground mentioned, he should have reduced his claim to judgment against the corporation, and the corporation should also have been made a party defendant in this action. Until plaintiff's claim is reduced to judgment at law, it cannot be made the basis of relief in equity. Taylor v. Bowker, 111 U. S. 110, 4 Sup. Ct. 397; Tube-Works Co. v. Ballou, 146 U. S. 517, 523, 13 Sup. Ct. 165; Scott v. Neely, 140 U. S. 106, 115, 11 Sup. Ct. 712. Some cases will be found holding that, when the corporation is dissolved, the necessity of making it a party in a suit of this character is dispensed with. It should be remembered, however, that in this case the allegations in the petition only go to the extent of showing that it is dissolved for the purpose of enabling plaintiff to sue for the individual liability of the defendant as a stockholder. The case of Cattle Co. v. Frank, 148 U. S. 603, 13 Sup. Ct. 691, is quite

similar to this feature of the case under consideration. There a bill in equity was filed by the cattle company against some stockholders in corporations which had sold to the complainant certain herds of cattle. The bill alleged that there were fraud and deceit practiced in the sale upon the complainant, and that the number of cattle actually turned over to it under the agreement between the parties fell far short of the number represented by the vendors, whereby the complainant suffered loss and damage in a large sum. It was further set forth that the three vendor companies, after the sale to the complainant and the receipt of the purchase price, paid their outstanding liabilities, excepting the liability to the complainant, and distributed the remainder of the proceeds and all of their other assets among their shareholders, and that since that time the three vendor corporations made no further use of their franchises, but abandoned the same, and that neither of them had any officer or agent upon whom process could be served, and that they had not any assets of any kind out of which any judgment at common law could be satisfied. It was further alleged that the assets of the vendor corporations were a trust fund held by them in trust to satisfy complainant's claim before the shareholders were entitled to receive any portion of the same, and that the shareholders, in receiving said assets, took and held the same as trustees in place of the corporations, and subject to the lien of complainant's claim, and that the defendant shareholders should account for and apply the same, so far as necessary, to the satisfaction thereof. It was held, however, that the corporations in which the defendants were shareholders were necessary parties to such a suit, and their presence could not be dispensed with. It was contended that the bill disclosed such a practical abandonment of their franchises as to amount to a dissolution of the vendor corporations. Touching this claim, the court said:

"We cannot so construe the bill. The dissolution of corporations is or may be effected by expirations of their charters, by failure of any essential part of the corporate organizations that cannot be restored, by dissolution and surrender of their franchises with the consent of the state, by legislative enactment within constitutional authority, by forfeiture of their franchises and judgment of dissolution declared in regular judicial proceedings, or by other lawful means. No such dissolution is alleged in the bill."

As to the contention of complainant in that case that there was no agent or officer of the vendor corporations upon whom process could be served, and no assets out of which any judgment against them could be satisfied, the court said that it did not help the matter that complainant was unable to secure service, and that fact in no way affected the question of there being necessary parties, in whose absence a decree could not be rendered against the shareholders. It was further said:

"We are also clearly of opinion that the court below was correct in sustaining the demurrer to the bill upon the other ground assigned,—that the complainant had not previously reduced its demand against the vendor corporations to judgment. That claim was purely legal, involving a trial at law before a jury. Until reduced to judgment at law, it could not be made the basis of relief in equity."

While the expression is frequently used that the assets of a corporation and the liability of its stockholders are a trust fund for the

benefit of creditors, it is not meant thereby that there is a direct and express trust attached to such assets. As was said in Hollins v. Iron Co., 150 U. S. 383, 14 Sup. Ct. 130:

"It is rather a trust in the administration of the assets after possession by a court of equity, than a trust attaching to the property, as such, for the direct benefit of either creditor or stockholder."

Also:

"Yet all that is meant by such expressions is the existence of an equitable right which will be enforced whenever a court of equity, at the instance of a proper party and in a proper proceeding, has taken possession of the assets. It is never understood that there is a specific lien or a direct trust. * * * As between itself and its creditors, the corporation is simply a debtor, and does not hold its property in trust, or subject to a lien in their favor, in any other sense than does an individual debtor."

To the same effect are Graham v. Railroad Co., 102 U. S. 148; Railway Co. v. Ham, 114 U. S. 587, 594, 5 Sup. Ct. 1081; Fogg v. Blair, 133 U. S. 534, 541, 10 Sup. Ct. 338.

Since the plaintiff's cause of action, in one aspect thereof, is simply to enforce the individual liability of a stockholder, and as to the other his petition contains no averment that his claim was either reduced to judgment against the corporation or the defendant, or that the corporation was ever legally dissolved, there is nothing presented requiring the exercise of equitable jurisdiction. Under the seventh amendment to the constitution, reserving the right to trial by a jury in suits at common law, where the value in controversy exceeds $20, the defendant would be entitled to a trial by jury. The right to such a trial cannot be dispensed with without the assent of the parties; nor can it be disregarded or impaired by a blending of a cause of action at law with a demand for equitable relief in aid of the legal action, or during its pendency. While it is true that new equitable rights may be created by state statutes, and be administered as such in the federal courts, the jurisdiction thereof is subject to the limitation prescribed by the constitutional provision mentioned; and the equitable rights thus created by state legislation must be such as in their nature and character are of equitable cognizance, according to the old and well-established principles of equity jurisprudence. It is therefore ordered that the cause remain upon the law side of the docket.