## HAMILTON RUBBER MFG. CO. et al. v. UNITED TIRE STORES, Inc., et al.

District Court, N. D. Texas, Dallas Division. December 27, 1929.

No. 3250—507.

George T. Burgess, of Dallas, Tex., for the motions.

John Davis, of Dallas, ·Tex., opposed.

ATWELL, District Judge. Three creditors of the United Tire Stores, Inc., obtained judgments aggregating $17,906.62. The Hamilton Rubber Manufacturing Company and the Birmingham Tire & Rubber Company secured their judgments in the United States court, respectively, for the sums of $9,828.77 and $4,615.74. Cupples Company Manufacturers' judgment was for $3,462.11, out of the state court. Upon each of these judgments a nulla bona execution had been returned.

These three creditors have joined in this bill in equity, alleging that all other creditors of the United Tire Stores, Incorporated, have been paid, and that the defendants Tenison and Stewart were stockholders in that corporation, and that they have not paid their respective subscriptions.

The defendants move to dismiss because of improper joinder and also to transfer to the law docket.

Article 1345 of the Revised Statutes of Texas 1925, provides:

"If execution has issued against the property of a corporation, except a railway or a religious or charitable corporation, and

there cannot be found any property whereon to levy such execution, then the execution may be issued against any of the stockholders to an extent equal to the amount of the stock unpaid. No execution shall issue against any stockholder, except upon an order of the court in which the suit or other proceeding was instituted, made in open court upon motion after a reasonable written notice to the person or persons sought to be charged. Upon such motion, such court may order execution to issue accordingly; or the plaintiff in execution may proceed by action to charge the stockholders with the amount of his judgment, in accordance with the liability of the stockholders."

The liability of the shareholder is purely legal. It is statutory, and does not exist outside of it. There could exist such a state of liability and facts as would support the marshaling hand of equity, or the equitable creation of a fund for distribution. Such a case was written about in Thomson Electric Company v. Dallas Consolidated Traction Railway Company (C. C. A.) by Circuit Judge McCormick, 54 F. 1001.

But, here the three creditors merely assert a nonpayment of stock subscriptions, the securing of their respective judgments, the worthlessness of executions thereon, and the assertion of liability under the statute. No equity is indicated. They must proceed at law. Auer v. Lombard (C. C. A.) 72 F. 209; Alderson v. Dole (C. C. A.) 74 F. 29; Medberry v. Troutman (C. C.) 94 F. 952; Scott v. Neely, 140 U. S. 106, 11 S. Ct. 712, 35 L. Ed. 358; Terry v. Little, 101 U. S. 216, 217, 25 L. Ed. 864.

In the Terry Case Chief Justice Waite said:

"The individual liability of stockholders in a corporation is always a creature of statute. It does not exist at common law. * * * The statute which creates the liability may * * * provide directly or indirectly a remedy for its enforcement."

In Flash v. Conn, 109 U. S. 371, 3 S. Ct. 263, 269, 27 L. Ed. 966, Mr. Justice Woods, for the Supreme Court, said:

"But in this case the statute makes every stockholder individually liable for the debts of the company for an amount equal to the amount of his stock. This liability is fixed, and does not depend on the liability of other stockholders. There is no necessity for bringing in other stockholders or creditors." Any creditor who has recovered judgment against the company can issue execution.

2. There is no privity between the three judgment creditors. Each secured its judgment in a separate action, and in harmony with the statute each must resort to a motion in the original suit, or such other independent effort as the facts might justify. This truth runs counter to the desire of the court and litigants to settle in one controversy everything that may be so determined, and it might seem to be quite practicable to go forward to that end in this case where all of the unpaid creditors are before the court and all of the stockholders, against whom it is asserted that they have failed to pay their stock subscriptions, but an orderly procedure and an appropriate recognition of the time honored rules do not so permit.

The Cupples Company Manufacturers must go to the state court, and the Hamilton Manufacturing Company and the Birmingham Tire & Rubber Company must each find relief in the original suit of each at law.

Motions are sustained.